Willie B. BREWER, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 18058, 18059.

United States Court of Appeals
Eighth Circuit.

Dec. 17, 1965.

Paul Festersen, of Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for appellant.

Franklin D. Carroll, Asst. U. S. Atty., Omaha, Neb., Theodore L. Richling, U. S. Atty., and Frederic J. Coufal, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Before us are appeals by the defendant Willie B. Brewer from his conviction on Counts I and III of the indictment in case No. 18,058 and on the single count indictment in case No. 18,059. The cases were consolidated below and here. Each of the three counts charges defendant with a transfer in Omaha, Nebraska, of marihuana to Michael W. Brown, not made pursuant to written order on prescribed treasury form, in violation of 26 U.S.C. § 4742(a). Such counts involve separate transfers of marihuana occurring on different specified dates in August 1963 and involving specified amounts of marihuana.

Defendant entered a plea of not guilty to all counts. He was tried to a jury and convicted on each count and was sentenced to five years imprisonment on each count, said sentences to be served concurrently. Defendant has been permitted to take these appeals in forma pauperis and is represented by court-appointed counsel.

Defendant's basic contention upon these appeals is that the court erred in admitting the testimony of the Government witnesses to the effect that the exhibits offered by the Government contain marihuana for the reason that no proper foundation was laid to establish a chain of possession of the exhibits from the defendant up to the time of analysis; or, otherwise stated, that there is insufficient foundation to establish that the substance analyzed and identified as marihuana by the Government's expert witness was the same substance as was transferred by the defendant. Defendant then goes on to urge that without such expert testimony there is insufficient evidence to support a conviction and that hence, defendant was entitled to have his motion for acquittal sustained. Defendant did at his trial make timely objection to the reception of the expert testimony upon the ground of lack of proper foundation, and he also made motion for acquittal which was renewed after the verdict of guilty.

While the evidence with respect to the different counts varied, the same general pattern with respect to the preservation of the evidence was followed in each instance. All transfers charged were made by the defendant to Michael W. Brown, an undercover agent for the Omaha Police Department. Brown, with respect to each of the transfers, testified that he was acquainted with defendant and that in each instance he bargained for a specific quantity of marihuana and that he received delivery thereof and paid the agreed price. Defendant offered no evidence. The sufficiency of the evidence to show the transfers and payment therefor is not questioned.

It is of course necessary for the Government to show as an essential element of the offenses charged that the substance transferred was marihuana. Marihuana is fungible. There is no intrinsic way that one can identify a specimen observed yesterday with the one presented today. A chemical analysis is required to identify a substance as marihuana. There is substantial evidence, which is uncontroverted, that the exhibits offered in evidence were tested by a skilled chemist by means of recognized tests and were found to contain marihuana.

Defendant's specific contention is, "What the Government has failed to do is to account for * * * the contents of the bags and envelopes it purchased. There is no sufficient showing that the bags or envelopes said to be received from the defendant were handled in such a way as to ensure that their contents, the crucial matter in controversy, remained undisturbed but fully accounted for. Indeed, it is not even clear from the record just what sort of containers were involved."

We believe that the law applicable to the admissibility of exhibits such as here involved is properly stated in Gallego v. United States, 9 Cir., 276 F.2d 914, 917, as follows:

"Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. United States v. S. B. Penick & Co., 2 Cir., 136 F.2d 413, 415.

"The jury, of course, is free to disregard such evidence upon its finding that the article was not properly identified, or that there has been a change in its nature.

"The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion. No abuse of discretion was shown here."

Other cases holding under somewhat similar circumstances that the chain of possession was sufficiently established to warrant the admission of the exhibit are: United States v. Lauer, 7 Cir., 287 F.2d 633, 636; Sandoval v. United States, 10 Cir., 285 F.2d 605, 606; United States v. Bailey, 7 Cir., 277 F.2d 560, 565; United States v. Sears, 7 Cir., 248 F.2d 377.

When the foregoing standards are applied, we are completely satisfied that the court committed no error in receiving in evidence the marihuana exhibits and that the expert testimony identifying the contents as marihuana was properly received. The record, including the exhibits, their covering envelopes and the notations thereon, shows that the Government has done all that could reasonably be done to preserve the integrity of the challenged exhibits. The individual packages containing the narcotics bear the identifying initials of Brown and notation as to the time of receipt. They also bear initials of officers through whose hands they passed. Such officers have testified and accounted for the proper care of the exhibits while in their hands. All exhibits were delivered promptly to the narcotics agent Cox, in one instance within an hour after its receipt. Cox placed the packets pertaining to each offense in a lock-sealed extension envelope which on its face contains notations as to the transfer and time and place, and bearing his signature. Such envelopes were sent by Cox by registered mail to the United States chemist at Chicago and bear the receipt stamp of such office.

Mr. Shaffer, the chief chemist in charge of the Chicago office, appeared as a witness and produced the exhibits in unopened lock-sealed envelopes. He testified that the exhibits had remained in his custody since their receipt; that all testing was under his supervision; that the tests were made by chemists under him but that he had no personal recollection as to the extent of his personal observation of the various tests here made. He described the normal procedure followed in his office in the reception, safe-

keeping and processing of the exhibits. He stated that the exhibits had been opened twice for analysis because the chemist who had made the first test had suffered a heart attack, making it impossible for him to appear as a witness. R. Valentine, who made the second analysis, appeared as a witness and identified the contents of each exhibit as marihuana. The evidence shows that each chemist making the test broke the seal of the envelope containing the evidence and after making the test, resealed the evidence in a new lock-sealed envelope bearing the same identification number as the former envelope, the old envelopes being retained and produced in evidence. The new envelopes bear certificate of sealing by the testing chemist. The lock-seals on the exhibits containing the evidence were broken in court by chief chemist Shaffer, who had produced them. Little purpose would be served in setting out here in detail the many steps taken to identify and preserve intact the contents of the controverted exhibits.

We have carefully examined the record, including the many notations upon the exhibits, and are convinced that the court did not abuse its discretion in receiving the exhibits in evidence. No error was committed in receiving the expert testimony with respect to the contents.

Defendant has neither offered evidence nor pointed to any evidence in the record which discloses any reasonable basis for an inference that the evidence received was tampered with in any way. As stated in Gallego, supra:

"In the absence of any evidence to the contrary, the trial judge was entitled to assume that this official would not tamper with the sack and can or their contents. Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties." 276 F.2d 914, 917.

See 31A C.J.S. Evidence § 146.

It is, of course, the right and duty of the jury to determine the credibility of the witnesses who testify. Obviously the jury by its verdict has accepted the testimony of the Government witnesses.

When under the prevailing standards of review, the evidence is viewed in the light most favorable to the Government as the prevailing party, it is clearly sufficient to support the verdicts of guilty. The motion for acquittal was properly overruled.

Defendant has taken no exception to the court's instructions. He has asserted no errors other than those above discussed. Defendant has had in all respects a fair trial.

The judgments are affirmed.