Herman C. **WEST**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18125.

United States Court of Appeals Eighth Circuit.

April 20, 1966.

---

Harold L. Rock, of Kutak, Rock & Campbell, Omaha, Neb., for appellant.

Theodore L. Richling, U. S. Atty., Omaha, Neb., Frederic J. Coufal, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

GIBSON, Circuit Judge.

This is an appeal from a judgment of conviction by the United States District Court for the District of Nebraska wherein appellant was found guilty by a jury of violating 26 U.S.C. § 4742(a), prohibiting transfer of marijuana, except when made pursuant to a written order of the transferee on a form issued by the Secretary of Treasury.

As grounds for reversal appellant sets forth four basic arguments: (1) The instructions of the trial court were erroneous in that they contained confusing extraneous material; (2) There was an inadequacy of evidence to support the conviction; (3) The prosecution failed to establish an unbroken chain of custody on prejudicial evidence; and (4) The grand jury indictment was defective in that illegally seized evidence was presented to it during its deliberations.

As to the first allegation, appellant points out that the trial court in its instructions read not only the brief substantive prohibition of subsection (a) in § 4742, but in addition read the balance of the entire statute.[1] Subsection (b) follows subsection (a) and includes a long list of exceptions to the substantive prohibition. Exemptions are afforded to transfers by physicians, dentists, and

---

1. The court's charge contained the entire § 4742, Title 26, U.S.C. All of ¶ (a) is set forth below, and for brevity, only the structural format of the balance of the section is shown:

"(a) General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

"(b) Exceptions.—Subject to such regulations as the Secretary or his delegate may prescribe, nothing contained in this section shall apply—

"(1) Professional practice.—To a transfer of marihuana to a patient by a physician * * *

"(2) Prescriptions * * *

"(3) Exportation * * *

"(4) Government and state officials * * *

"(5) Certain seeds * * *

"(c) Supply * * *

"(d) Preservation * * *

"(e) Exemption of certain transfers to millers * * *."

veterinarians; transfers pursuant to a valid prescription; the sale for exportation; and purchases by certain governmental agents. Subsections (c) and (d) relate to the supply and preservation of the necessary forms, and subsection (e) gives an exemption to millers.

Obviously disturbed by the trial court's reading of this long list of exemptions, counsel for the government requested that the Court give a supplemental instruction found in 26 U.S.C. § 7491. This section states that the government is not required to negative any of the enumerated exemptions. Rather the burden of proof as to compliance with the exemptions is upon the defendant.[2]

At no time during the trial of this case did appellant claim that he was under one of the enumerated exemptions. He did not testify on his own behalf nor did he introduce any evidence even tending to indicate that one of the exemptions might be applicable. In fact appellant's entire defense was concentrated upon discrediting the government's evidence concerning identification. Appellant, therefore, argues that when the trial court injected these irrelevant issues in the instruction and followed by giving a supplemental instruction on the appellant's burden of proving these issues, it confused the jury, derogated defendant's presumption of innocence, and made it difficult for the jury to determine where the burden of proof lay.

Admittedly, appellant's trial counsel made no objections, either to the trial court's original reading of the entire statute or to the supplemental instruction dealing with the burden of proof on the enumerated exceptions. Rule 30, Fed.R. Crim.P., however, clearly requires a party to specify objections to the instructions

and provides, "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, * * *." Notwithstanding the clear requirements of Rule 30, however, appellant contends that the trial court's instruction constituted "plain error" as set out in Rule 52(b), Fed.R.Crim.P. and should subject the judgment to reversal in spite of the fact no objection was made.

We cannot accept appellant's position. Clearly, the normal rule requires objection to the offered instructions. Since none were made, in order to assign error it must be shown that the action of the trial court constituted "plain error" within the purview of Rule 52(b). To show that the trial court has committed "plain error" we have held that the appellant must demonstrate that the trial court's action affected his "substantial rights" resulting in a miscarriage of justice. Black v. United States, 309 F.2d 331 (8 Cir. 1962) cert. denied 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765; McNeely v. United States, 353 F.2d 913 (8 Cir. 1965).

After an examination of the facts and arguments in this case, we are convinced that the trial court's instructions did not constitute "plain error" under Rule 52(b). The instructions contained no misstatement of the law. Though perhaps unnecessary, the statute was correctly read in its entirety and the burden of proving the exemptions was correctly placed. The only problem is that defendant was not claiming an exemption. Nonetheless, the instructions clearly indicated that the supplemental burden of proof instruction pertained only to the exemptions. We must assume that the jury followed this instruction and only

---

2. Section 7491 provides: "It shall not be necessary to negative any exemptions set forth in part II of subchapter A of chapter 39, relating to marihuana, in any complaint, information, indictment, or other writ or proceeding laid or brought with respect to part II of subchapter A of chapter 39 and the burden of proof of any such exemption shall be upon the de-

fendant. In the absence of the production of evidence by the defendant that he has complied with the provisions of section 4753 relating to registration, or that he has complied with the provisions of section 4742 relating to order forms, he shall be presumed not to have complied with such provisions of such section, as the case may be."

applied the burden as directed by the court. Beck v. United States, 298 F.2d 622 (9 Cir. 1962). Furthermore, we must assume that the jury carefully followed the evidence presented. In doing so they would no doubt recognize that appellant had made no claim of exemption and, therefore, that particular part of the statute and its accompanying burden of proof need not be applied in this case. We can assume that the jury possessed ordinary intelligence and ordinary ability to interpret the facts and understand the instructions. Orton v. United States, 221 F.2d 632 (4 Cir. 1955). Assuming this we do not believe the jury would be unduly confused by the superfluous instructions.

■■ Finally, in considering the impact of instructions it is well established that they must be viewed as a whole. Segal v. United States, 246 F.2d 814 (8 Cir. 1957). Looking at the entire charge we see that the trial court carefully instructed on the presumption of innocence and the burden of proving guilt on the substantive charge. We feel that of all doctrines of law known to the man on the street, perhaps the best known is, "a man is innocent until proved guilty." We believe this axiom was accurately explained to the jury and it was not prejudicially obscured by the balance of the trial court's instructions.

We are, therefore, of the opinion that the instructions of the trial court did not affect the substantial rights of the appellant or result in a miscarriage of justice, and as a result did not constitute "plain error." Since appellant's trial counsel made no objection to the instructions, we cannot consider whether they, in themselves, constitute error.

■ The evidence in this case, accepting as we must the version most favorable to the jury's verdict, (Bell v. United States, 251 F.2d 490 (8 Cir. 1958)) indicates that Edgar Rich, an undercover officer for the Omaha Police Department, was on an assignment to purchase marijuana from a suspect. In the evening hours of August 12, 1963, Officer Rich was parked in his open convertible in front of an Omaha night club. While parked there, Officer Rich was approached by an individual who identified himself as "West." After a short conversation "West" offered to sell Rich four packets of marijuana. Officer Rich purchased the packets without the necessary order form, ascertained where "West" obtained the marijuana, and drove away. He marked the packets for identification and immediately turned them over to Omaha narcotics agent Cox. Officer Cox testified that he either kept the packets on his person the rest of the evening and placed them in the office safe the next morning, or that he immediately took the packets to the office safe. He couldn't remember which. The packets were subsequently sent to Chicago for examination and identified at trial as containing marijuana. Officer Rich identified the packets and positively identified appellant as the individual who sold them to him.

Appellant points out that the only evidence connecting him with the sale is the testimony of Officer Rich. Appellant contends that this identification is insufficient to support the jury's guilty verdict. This contention is without merit.

Officer Rich made a positive and unequivocal identification of appellant. A severe cross-examination did nothing to sway this identification. Rich indicated that appellant identified himself as "West", which fortifies his visual identification.

■ The evidence further indicates that Officer Rich was able to make a competent identification. He was sitting in an open convertible, on a well lighted business street, in front of a lighted night club. Though the sun was down, it appears as though there was still some light in the sky. The man identified as the appellant talked to Officer Rich from outside of the car and eventually got into the car and conducted a conversation which lasted approximately fifteen minutes. During this time Rich and the man identified as appellant could have been no more than a few feet apart. Furthermore, Of-

ficer Rich, realizing future identification would be necessary, was no doubt making close note of the vendor's features. This type of association cannot be considered a fleeting glance in the dark. Rich was indeed competent to make a positive identification and the jury was justified in accepting his testimony. Its decision must stand.

As a third point appellant is arguing that it was error to admit the packets containing the marijuana in that there was no proper foundation to establish a chain of custody from the defendant to the time of analysis. There is no merit in this contention.

Whether or not a proper foundation has been established for the admission of real evidence is a matter that rests within the discretion of the trial court. "The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion." Brewer v. United States, 353 F.2d 260, 262 (8 Cir. 1965); Gallego v. United States, 276 F.2d 914, 917 (9 Cir. 1960).

An examination of the record convinces us that there has been no such abuse of discretion. We note by the nature of a sealed packet of marijuana, it is not likely to be "spoiled" by some unsuspecting person. Furthermore, the circumstances surrounding its custody give no indication of foul play. There is no evidence whatever that anyone either had the opportunity or the inclination to tamper with the packets or their contents. Officer Cox testified that on the night of the sale he either kept the packets in his possession or placed them in the office safe. He testified positively that he did not leave the packets unattended in his car. It, therefore, appears that the packets were in the control of Officer Cox and were not in a position to be tampered with. The record indicates that the packets were carefully sealed and initialed by all who handled them. The testimony of Officer Rich indicates that the packets appeared as they did the night he received them from appellant. Therefore, when viewed in the light of the presumption of regularity which attaches to the handling of evidence within the control of public officials (Brewer v. United States, supra) we believe the evidence was properly admitted.

Appellant seems to be arguing that as long as it was conceivable that the evidence could have been tampered with, it should not have been admitted. This, however, is not the law. The government need not exclude all possibilities of tampering. The Court need only be satisfied that in reasonable probability the article had not been changed in important respects. United States v. S. B. Penick & Co., 136 F.2d 413 (2 Cir. 1943); Brewer v. United States, supra. Under the circumstances of this case, in all reasonable probability the evidence had not been changed. The trial court did not abuse its discretion by admitting the marijuana containing packets.

As his final argument appellant points out that the grand jury originally returned a two-count indictment. The first count charged the illegal transfer on which appellant was tried and convicted. The second count charged appellant with illegal possession of marijuana. This second count was either formally dropped or not pursued by the Government when it was ruled that the necessary evidence of possession had been seized from appellant's residence on the basis of a defective warrant. This illegally seized evidence, argues appellant, was undoubtedly before the grand jury and no doubt influenced it to find a true bill, not only on the possession count, but also on the count changing illegal transfer. Appellant argues that the Fourth Amendment requires the indictment be struck down in its entirety; and that since the grand jury had before it illegally seized evidence, the indictment brought by it is inherently defective on all counts.

The case of Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L. Ed.2d 1669 (1960) held that illegally

seized evidence could not be introduced in a federal criminal trial. We are aware of no case which extends this rule to grand jury proceedings. In fact the Supreme Court has held that grand jury consideration of inadmissible evidence does not render the indictment defective. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). An indictment is only a formal charge, necessitated by our system of law, to bring an accused into court to answer the charge made, and all evidence necessary to substantiate that charge beyond a resonable doubt must be introduced at the trial—incompetent or inadmissible evidence, for whatever reason properly urged, is not admitted and of course could not affect the trial proceedings. Likewise, we know of no sound reason for extending the exclusionary rule. The exclusionary rule as set out in *Elkins* and other cases finds its purpose in the desire to curb illegal police practices. It is our opinion that the judicial policy which brought about the exclusionary rule would not be advanced in any significant degree by extending its application to grand jury proceedings. Illegally seized evidence is already kept from the trier of fact. Extension to grand jury activities would probably have no laudatory effect on police practices that have not already been accomplished by the law as it now stands. Moreover, there appears to be no sound reason for placing additional burdens on law enforcement that occur because of technical non-observance of the many requirements on form and procedure. The real issue, the substantial issue is appellant's guilt of the charge made. Was the properly admitted evidence sufficient to find him guilty beyond a reasonable doubt? We think it was.

Furthermore, as a practical matter, the United States District Attorney is the only person with free access to a grand jury. In such a situation the accused has no practical opportunity to object to evidence before it is presented to the grand jury. Likewise, since a judge is not presiding, it would be difficult, if not impossible, at this point in the litigation to have a final and binding determination of the legality of offered evidence. If we adopted appellant's position we would be faced with two alternatives. We could leave the essential nature of the grand jury proceeding unchanged. The government would then be forced to make an ex parte determination of the legality of the offered evidence without the guidance of opposition or ruling from judicial authority. The penalty for a mistake in judgment would be the striking down of the entire grand jury proceeding. We could, on the other hand, change the nature of the grand jury investigation, making it into an adversary system. The exclusionary rule could then be enforced by a case-by-case judicial determination. Such a change, however, would add an additional burden to judicial time, completely alter our judicial system, and seriously cripple the supposedly investigative purpose of the grand jury. We do not believe such a move is warranted or wise and consequently hold that the exclusionary rule does not apply to grand jury proceedings.

Not only is appellant seeking to impose the exclusionary rule on the grand jury, he is attempting to introduce in conjunction therewith, a form of "infectious invalidity." Appellant is not seeking to quash the "possession" count that is founded upon the illegally seized evidence. This count has never been pursued by the government. Rather appellant is seeking to quash the completely independent count dealing with the sale. The facts in support of these two counts transpired days apart and are completely independent transactions having no legal relationship to each other. What appellant wants us to do is to assume that the grand jury violated its duty and considered the evidence offered in support of the "possession" count as additional support for the "sale" count, even though they are independent and unrelated offenses. We will not take this approach. It is not for us to assume that the jury violated its duty to separately consider the charges and evidence in support thereof. Simply because there was illegally seized evidence before the grand jury, we cannot say that it

adversely influenced the entire balance of the indictment, including the entirely independent count unrelated to the charge for which the evidence was presented.

Finally, even if we were to accept the argument that the Fourth Amendment demands that the indictment be ruled defective, Rule 12(b) (2), Fed.R. Crim.P. requires that any "objection based on defects in the institution of the prosecution or in the indictment * * * may be raised only by motion before trial." The Rule further provides, "Failure to present any such defense or objection as herein provided constitutes a waiver thereof * * *." Since appellant made no objection to the indictment prior to trial, we may consider any complaint as to the evidence before the grand jury was waived. For the above reasons we have concluded that the indictment was valid.

In accordance with the reasons set out herein, the judgment of the District Court is affirmed.

Judgment affirmed.