**UNITED STATES of America,
Appellee,**

v.

**Carlee BROWN, Appellant.**

**No. 73–1135.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1973.

Decided Aug. 8, 1973.

John A. Blumenfeld, Clayton, Mo., and Paul R. Ferber, Hazelwood, Mo., for appellant.

James E. Reeves, U. S. Atty., and Jerry J. Murphy, Asst. U. S. Atty., St. Louis, Mo., and Frederick J. Dana, Sp. Atty., Dept. of Justice, Office for Drug Abuse Law Enforcement, St. Louis, Mo., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

The appellant, Carlee Brown, was indicted, tried, and found guilty of two counts of knowing and intentional distribution of heroin in violation of 21 U.S. C. § 841(a)(1). We affirm the judgment of conviction.

The two sales, which were the grounds for the conviction, were made to Charles Bullock,. an individual cooperating with the St. Louis Office for Drug Abuse Law Enforcement (DALE) on two consecutive days. On each occasion, Bullock was searched at the DALE office before the purchase was to take place, given Government funds, driven by a DALE officer to a designated site, and observed while an apparent purchase was transacted. Immediately after the exchanges between Bullock and Brown, Bullock returned to the DALE officer's automobile and handed him three tinfoil packages which the officer later examined, field tested, weighed, sealed and mailed to the Bureau of Narcotics and Dangerous Drugs (BNDD) Regional Laboratory in Chicago, Illinois. The testimony of both Bullock and the DALE officer was substantially corroborated by other surveilling DALE officers.

At trial a BNDD chemist testified to the procedures he followed in determining the contents of the packages he received as a result of the purchases by Bullock. The tests on the two packages were conducted independently and at different times, and each package was found to contain heroin.

On appeal, Brown raises four arguments dealing with: 1) the admission of the heroin packages into evidence; 2) the scope of redirect examination permitted the Government in the examination of a witness; 3) the scope of cross-examination permitted the appellant in the examination of a witness; and 4) the adequacy of the jury instructions.

### I.

Brown contends that the chain of custody of the heroin packages was not adequately established so as to permit the introduction of the Government exhibits into evidence. He bases this contention upon the fact that the quantitative and qualitative tests, which consumed approximately one and one-half 'hours, were conducted over a forty-eight hour period. Brown urges this position despite the testimony elicited from the Government's expert as to the precision and detail of the laboratory procedures employed, the religious recordation thereof, and the customary laboratory security that attends analysis of substances submitted to BNDD.

■■ The criteria governing admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. That determination is to be made by the trial judge, not the jury, and may not be overturned except for a clear abuse of discretion. Factors to be considered in making the determination of admissibility include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. If upon the consideration of such factors, the trial judge is satisfied that in reasonable probability the article has not been changed in any important respect, he may permit its introduction in evidence. Brewer v. United States, 353 F.2d 260, 262 (8th Cir. 1965) adopting Gallego v. United States, 276 F.2d 914, 917 (9th Cir.

1960); United States v. S. B. Penick & Co., 136 F.2d 413, 415 (2nd Cir. 1943).

■ *Brewer* further explicates that in the absence of any evidence to the contrary, the trial judge is entitled to assume that an official would not tamper with the exhibits or their contents:

"  .  . Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties." Brewer v. United States, *supra,* 353 F.2d at 263.

■ Here, the evidence adequately establishes the chain of custody, and the likelihood of any intermeddling with these exhibits was extremely remote. There was no evidence that any tampering with the exhibits was present, and the trial judge certainly did not abuse his discretion in admitting the evidence.

### II.

■ Brown also contends that upon redirect examination of one of the surveilling DALE officers, the Government was permitted to elicit testimony which tended to implicate Brown in prior sales of narcotics. It is his contention that such testimony was irrelevant and constitutes reversible error. However, the substance of the testimony which is the subject of this argument does not contain any allegations of prior narcotics sales by Brown. Rather the inquiries centered upon the witness' knowledge of the traffic in a general area and general habits of narcotics dealers.

The questioning by the Government was in direct response to the inquiries of Brown's counsel upon cross-examination. During that cross-examination, Brown's counsel asked the DALE officer pointed and limited questions concerning his knowledge of that general area and his knowledge of the general habits of narcotics dealers in leaving drugs outside their control. The obvious intent of that line of questioning was to impair the credibility of the DALE officer's

testimony by suggesting that his recital of the factual circumstances on the day of the crime was incorrect. The questions asked by the Government on redirect examination simply dealt further with the witness' knowledge of the area and the habits of narcotics dealers. This was clearly within the permissible scope of redirect examination.

### III.

Brown asserts that he was unduly restricted in his cross-examination of the informant regarding the informant's previous attempts to purchase heroin. It is his contention that, had he been permitted to elicit that testimony, he could better have impugned the credibility of the Government witness.

■ A trial court is vested with a broad discretion in controlling the scope of cross-examination. Only when there is a clear abuse of that discretion and an adequate showing of prejudice will its rulings be overturned. United States v. Cole, 449 F.2d 194, 199 (8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 987, 30 L.Ed.2d 806 (1972).

■ In the instant case, it is doubtful whether the line of questioning sought to be undertaken would have impeached the credibility of the witness. Yet, even conceding the relevance of the proposed inquiries to the witness' credibility, the failure to permit them during cross-examination did not produce any prejudice. First, Brown had already elicited responses to most of the questions. Secondly, he was otherwise allowed to test the credibility of the witness at length. In addition, even if the credibility of the witness was impugned, the Government's case in chief did not rest upon the credibility of this witness alone. The record contains substantial corroboration from four other witnesses as to all material aspects of the crime.

In light of the facts previously enunciated, the trial court's refusal to permit cross-examination on the subject of previous purchases by the informant does not constitute an abuse of discretion.

### IV.

Finally, Brown charges that the trial court erred in its instructions to the jury since it failed to require a finding that the defendant knew the substance was, in fact, heroin and because it failed to bring to the attention of the jury the proviso in the definition of the crime which makes legal distribution of heroin a defense to the crime.

■ The instructions to the jury given by the trial judge recited the requisites for a conviction under 21 U.S.C. § 841(a)(1) as defined by statute, including the requirement that the distribution be done "knowingly and intentionally."[1] The import to the jury was clear that the Government had to prove that Brown sold the heroin knowing what it was. The failure of the trial court to define "knowingly" was at most nonprejudicial error.

The instruction excluded any reference to the provision that exempts from the terms of the statute the legal distribution of heroin. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922) clearly indicates that such an instruction is proper. Therein the Court said:

"... By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense ... need not negative the matter of an exception made by a proviso or other distinct clause ... and that it is incumbent upon one who relies on such an exception to set it up and establish it."

See also United States v. Young, 422 F. 2d 302, 306 (8th Cir.), cert. denied, 398 U.S. 914, 90 S.Ct. 1718, 26 L.Ed.2d 78 (1970).

---

1. A similar instruction was held sufficient in United States v. Irby, 480 F.2d 1101 (8th Cir. 1973).

Moreover, under 21 U.S.C. § 885(a)(1), ". . . the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person 'claiming its benefit." Brown did not offer any evidence whatsoever. Thus, it was proper for the trial judge to exclude its terms from the definition of the crime charged.

The judgment of conviction is affirmed.