**UNITED STATES of America,**
**Appellee,**

v.

**John Anthony ROBERTS, Appellant.**

**No. 74–1485.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1974.

Decided Oct. 2, 1974.

Robert E. Heisler, Clayton, Mo., for appellant.

Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Roberts has taken this timely appeal from a conviction on Count I of an indictment charging he willfully and knowingly possessed a sawed-off shotgun which had not been registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d),[1] and § 5871.[2]

The evidence in the case before us is strong and convincing that defendant willfully and knowingly had in his possession a sawed-off shotgun with respect to which registration is required and that such gun had not been registered.

Defendant in another count of the indictment was charged with receiving a firearm which had been in commerce after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1). Defendant's motion to sever the counts for trial, based on the ground that the evidence of his conviction of a felony would prevent a fair trial on the § 5861(d) charge was sustained. After defendant was tried separately on the § 5861(d) charge, the § 1202(a)(1) charge was dismissed.

As a basis for reversal of the conviction defendant asserts the following points:

I. The conviction of the defendant, a previously convicted felon, under 26 U.S.C. § 5861(d), for the possession of an unregistered firearm is a violation of his fifth amendment protection against self-incrimination since an attempt to register the firearm would be an admission of guilt of violating 18 U.S.C. App. § 1202(a)(1) which makes it a crime for a felon to possess a firearm.

II. Error in admitting in evidence a shotgun and three shotgun shells where the chain of custody has been severed.

We reject such contentions and affirm for the reasons hereinafter set out.

I.

The defendant in the trial court moved to dismiss Count I of the indictment on the ground that § 5861(d) was unconstitutional as applied to him in that it violated his fifth amendment protection against self-incrimination. Such motion was overruled. On appeal he persists in such contention. He relies upon Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), United States v. Benner, 417 F.2d 421 (9th Cir. 1969), and other cases. The constitutional attack is completely undercut by United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

In *Freed*, the Supreme Court calls attention to the substantial amendments made to Chapter 53 of 26 U.S.C. subsequent to *Haynes* with a view of eliminating the unconstitutional defects found in *Haynes*. The Court determined that the amended act does not violate the self-incrimination clause of the fifth amendment and details the reasons for reaching such conclusion.

---

1. Section 5861(d) provides:
  It shall be unlawful for any person—
  * * * * *
  (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record;
  * * *

2. Section 5871 fixes the penalties for violation of Chapter 53 offenses, including violation of § 5861(d).

Defendant urges that the record shows that he legally purchased the gun here in controversy in an unaltered condition and hence that he must be the person who converted the gun from a shotgun to a sawed-off shotgun and is the maker of the gun within the meaning of the registration statutes. Such fact is immaterial. Defendant is not charged as the maker of the gun but as a possessor. With respect to this situation, *Freed* states:

> At the time of *Haynes* any possessor of a weapon included in the Act was compelled to disclose the fact of his possession by registration at any time he had acquired possession, a provision which we held meant that a possessor must furnish potentially incriminating information which the Federal Government made available to state, local, and other federal officials. *Id.*, [390 U.S.] at 95–100, [88 S.Ct., at 729–732]. Under the present Act only possessors who lawfully make, manufacture, or import firearms can and must register them; *the transferee does not and cannot register*. It is, however, unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 401 U.S. 601, 603–604, 91 S.Ct. 1112, 1115, 28 L.Ed.2d 356.

*See* 26 U.S.C. § 5861(d).

Defendant as possessor under the statute was not permitted to register the gun and hence no issue of compulsory self-incrimination is presented.

More significantly, the *Freed* Court holds:

> The transferor—not the transferee—makes any incriminating statements. True, the transferee, if he wants the firearm, must cooperate to the extent of supplying fingerprints and photograph. But the information he supplies makes him the lawful, not the unlawful possessor of the firearm. Indeed, the only transferees who may lawfully receive a firearm are those who have not committed crimes in the past. The argument, however, is that furnishing the photograph and fingerprints will incriminate the transferee in the future. But the claimant is not confronted by "substantial and 'real' " but merely "trifling or imaginary hazards of incrimination"—*first* by reason of the statutory barrier against use in a prosecution for prior or concurrent offenses, and *second* by reason of the unavailability of the registration data, as a matter of administration, to local, state, and other federal agencies. Marchetti v. United States, *supra*, [390 U.S. 39], at 53–54, 88 S.Ct. [697], at 705 [19 L.Ed.2d 889]. Cf. Minor v. United States, 396 U.S. 87, 94, 90 S.Ct. 284, 287, 24 L.Ed.2d 283. Since the state and other federal agencies never see the information, he is left in the same position as if he had not given it, but "had claimed his privilege in the absence of a . . . grant of immunity." Murphy v. Waterfront Comm'n, 378 U.S. 52, 79, 84 S.Ct. 1594, 1610, 12 L.Ed.2d 678. This, combined with the protection against use to prove prior or concurrent offenses, satisfies the Fifth Amendment requirements respecting self-incrimination. [401 U.S. 601, 606, 91 S.Ct. 1112, 1116, 28 L.Ed.2d 356.]

Defendant points out that *Freed* did not involve a gun possessor who had been previously convicted of a felony and by reason thereof, any registration would require defendant to incriminate himself of a violation of 18 U.S.C. App. § 1202(a)(1), proscribing possession of a firearm by a convicted felon. The factual distinction pointed out exists but is not significant.

In United States v. Bright, 471 F.2d 723 (5th Cir. 1973), the court considered and rejected the fifth amendment attack made on § 5861(d) by the possessor of a gun who was a convicted felon. The court, after holding that § 5841(b) does not require or authorize registration of a gun by its possessor who is not a manufacturer or maker, held that a mere possessor is not required to give any in-

formation by § 5861(d). The court then went on to hold:

> The same result would follow even if Bright was among those persons required by Section 5841(b) to register the gun in their own names (i. e., manufacturer, maker, or importer). Another amendment to the National Firearms Act spurred by the decision in *Haynes, supra*, prohibits the direct or indirect use of any information obtained from firearm registration as evidence against the registrant "in a criminal proceeding" with respect to a violation of law that occurred prior to or concurrently with the registration. 26 U.S.C. § 5848. 471 F.2d at 726.

We agree with such holding and reject defendant's constitutional attack on § 5861(d).

## II.

The court admitted in evidence the sawed-off shotgun and three shotgun shells seized from the defendant at the time of his arrest over defendant's objection that a proper chain of custody had not been established.

In United States v. Brown, 482 F.2d 1226, 1228 (8th Cir. 1973), we held, citing supporting authority, as follows:

> The criteria governing admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. That determination is to be made by the trial judge, not the jury, and may not be overturned except for a clear abuse of discretion. Factors to be considered in making the determination of admissibility include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. If

> upon the consideration of such factors, the trial judge is satisfied that in reasonable probability the article has not been changed in any important respect, he may permit its introduction in evidence.

The gun and shells which were offered and received in evidence were seized by the police at the time of the defendant's arrest about 9 p.m. on January 19, 1974. The gun was initialed by two police officers and its serial number noted. One shotgun shell was taken from the seized gun and two similar shells were taken from the defendant at the time of the arrest. They were fully described by the officers and put in a sealed evidence envelope. The gun and the shells were delivered to the police laboratory about 9 a.m. on January 20, 1974.

The police officers took possession of the gun and shells at the time of seizure. They went off duty at 2 a.m. on January 20. There is some uncertainty as to the custody of the exhibits between 2 a.m. and 9 a.m. on January 20. The officers testified that the gun at the time it was offered in evidence was in exactly the same condition as it was when seized and some bystanders testified that the gun looked similar to the gun seized. No evidence to support a finding of any material change in the condition of the gun or the shells was introduced. The nature of the offered exhibits in controversy was such that the likelihood of tampering with them was remote. The court was warranted in crediting the testimony that the condition of the gun and the shells was the same as at the time of the seizure. The court did not abuse its discretion in receiving the gun and the shells in evidence.

The judgment of conviction is affirmed.