UNITED STATES of America, Appellee,

v.

**Wayne WILLIAMS, Appellant.**

No. 76-1378.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1976.

Decided Nov. 24, 1976.

**1390**

Walter H. Sheata, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty., and Charles H. Stapels, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Wayne Williams appeals his conviction after a jury trial of conspiring to distribute, and distribution of, heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. We affirm the convictions on both counts.

During November and December of 1975 two St. Louis Metropolitan Police detectives, Daniel Swan and Bennie Green, while working as undercover detectives in an investigation of narcotics traffic in the St. Louis area, were introduced to Rollie Lee Salle as a possible source from which to purchase heroin. Over the two month period, Swan and Green purchased substances they believed to be heroin on three separate occasions from Salle. The first purchase occurred at Salle's home with no indication of where Salle had obtained the heroin. For the second purchase, Salle rode with the detectives in their undercover van to the 5300 block of Wells Avenue, where Salle directed them to park and wait. Salle got out of the van and returned in approximately 15 minutes in a Lincoln Continental driven by and registered to appellant Williams. The vehicle registration indicated Williams' address as 5351 Wells Avenue. Salle then left the car, got back into the van, and gave the detectives packets supposedly containing heroin. When asked by Swan who the driver of the car was, Salle replied, "It's Wayne, my man." The third purchase occurred at Salle's home after Salle had told Green that he could get some heroin for them from "his man." A horn sounded outside and Salle asked Swan to "look outside for a Lincoln." Swan told Salle there was a Lincoln outside and Salle left the house, returning later with capsules supposedly containing heroin. Swan identified the car as the one seen previously, and again driven by appellant Williams.

On all three occasions the packets or capsules purchased were taken by the detectives to the police department lab, were dated and initialed by the detectives, and were given to either the lab chemist or to police officers, assigned to receive evidence brought into the lab at night, who later gave the evidence to a lab chemist.

The issues raised by Williams on appeal are (1) whether a sufficient chain of custody had been shown to allow the admission

of certain heroin packets into evidence, and (2) whether the admission into evidence of certain testimony of a coconspirator was reversible error.

## I. Chain of Custody.

Williams alleges that the district court erred in admitting into evidence certain heroin packets because the government did not adequately establish chain of custody. The record reflects that Williams was arrested after police officers had purchased heroin packets from Williams' coconspirator, Salle, on three separate occasions. At trial the police officers testified that upon purchase of each heroin packet the purchasing officer delivered the packet to the custody of an employee of the police laboratory where tests were performed to determine whether the packets contained heroin, and where the packets were stored until trial. Furthermore, the parties stipulated that the packets introduced at trial did contain heroin.

In *United States v. Brown,* 482 F.2d 1226, 1228 (8th Cir. 1973), which concerned the admissibility of heroin packets, this court determined that:

> The criteria governing admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. That determination is to be made by the trial judge, not the jury, and may not be overturned except for a clear abuse of discretion.

This court also held in *Brown,* 482 F.2d at 1228, and in *Brewer v. United States,* 353 F.2d 260, 263 (1965), that absent any evidence to the contrary there is a presumption of regularity which presumes that public officers have properly discharged their duties and have not tampered with the evidence. *See also West v. United States,* 359 F.2d 50 (8th Cir. 1966), *cert. denied,* 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 94 (1966).

No evidence was presented at trial that would cast any doubt on the government's claim that the packets in evidence were the same packets purchased from Salle.

Although this issue may have been avoided on appeal had the government presented testimony from police laboratory personnel as to the procedures used in receiving and storing evidence, we hold that the evidence adequately supports a finding that the packets offered were those purchased from Salle, and that it was not an abuse of discretion for the trial court to admit those packets into evidence.

## II. Admissibility of Testimony of Coconspirator.

Williams further argues that the testimony of the two police officers about statements made by Salle which implicated Williams in Salle's heroin dealings was hearsay and inadmissible. This argument is without merit. Such statements are admissible if made during the course of and in furtherance of a conspiracy by a coconspirator of a defendant and there is other independent evidence which indicates a conspiracy between the declarant and the defendant. *United States v. Richardson,* 477 F.2d 1280, 1282–83 (8th Cir.), *cert. denied,* 414 U.S. 843, 94 S.Ct. 104, 38 L.Ed.2d 82 (1973); *Glasser v. United States,* 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *see* Fed.R. Evid. 801(d)(2)(E); *see also United States v. Riddick,* 519 F.2d 645 (8th Cir. 1975), *cert. denied,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976). Salle was a coconspirator and the statements alleged here to be inadmissible were made during and in furtherance of the conspiracy. Also, Salle testified at trial about these same statements and his testimony which indicated a conspiracy between himself and Williams was corroborated by the police officers' testimony about events they personally witnessed.

We conclude that the trial court's admission into evidence of the packets and of the officers' testimony was not error, and accordingly, we affirm the conviction.