UNITED STATES of America, Appellee,

v.

Billy McKINNEY, Appellant.

No. 80–1263.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 8, 1980.

Decided Sept. 25, 1980.

---

Loren R. Honecker, Springfield, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Robert G. Ulrich, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and VAN PELT,* Senior District Judge.

PER CURIAM.

Billy McKinney appeals from a judgment entered in the District Court [1] for the Western District of Missouri upon a jury verdict finding him guilty of assault with intent to murder (Count I) in violation of 18 U.S.C. § 113(a) and conveying a weapon within a federal penal institution (Count II) in violation of 18 U.S.C. § 1792. Appellant was sentenced to a term of ten years imprisonment on Count I and to a term of five years imprisonment on Count II, to be served concurrently with the first sentence. For reversal appellant argues that (1) the trial court erred in admitting certain physical exhibits, (2) the trial court erred in admitting certain testimony about the results of blood tests, and (3) the evidence was insuf-

---

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

ficient to support the jury's verdict finding appellant guilty of assault with intent to murder. For the reasons discussed below, we affirm the judgment of the trial court.

The evidence showed that on October 12, 1979, appellant, then a prisoner at the United States Medical Center for Federal Prisoners in Springfield, Missouri, assaulted a fellow prisoner, Joseph R. Messier. Appellant allegedly stabbed Messier repeatedly in the chest with a homemade "knife" made out of combs (Exhibit # 2) and an industrial needle (Exhibit # 1) used in the manufacture of sweep brooms in the medical center workshop. Three medical center officers testified that they were on duty that day, that they heard a noise from a common area of the unit, and that they saw appellant standing behind Messier, who was seated, holding him about the neck with one arm and striking him in the chest with the other arm. The correctional officers immediately separated the two inmates. All three correctional officers observed Messier had been stabbed. Appellant was returned to his cell; Messier was examined by an osteopathic physician employed by the medical center, who found a needle lodged in Messier's breastbone.

Reginald Leuthen, the broom factory foreman, testified that appellant worked in the broom factory and was so employed on October 12, 1979; identified Exhibits # 1 and # 10 as "pulling needles" used in the manufacture of brooms; and stated that appellant had reported the loss of a "pulling needle" on October 12, 1979.

Appellant was indicted, tried and found guilty. This appeal followed.

■ First, appellant argues that the trial court erred in admitting Exhibits # 1 (the pulling needle) and # 2 (the comb fragments allegedly used as a handle). Appellant argues that a proper chain of custody was not established as a foundation for the admission of these physical exhibits. *E. g., United States v. Craig,* 573 F.2d 455, 478 (7th Cir. 1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 83, 58 L.Ed.2d 110 (1978); *United States v. Brown,* 482 F.2d 1226, 1228 (8th Cir. 1973); *Gallego v. United States,* 276

F.2d 914, 917 (9th Cir. 1960). We find no abuse of discretion in the admission of this evidence. *See United States v. Brown, supra,* 482 F.2d at 1228. These exhibits were not susceptible to change or to tampering. The witnesses on behalf of the prosecution testified that the exhibits were placed in an evidence envelope, handed over to FBI agents in Kansas City, Missouri, then mailed to the FBI laboratory in Washington, D. C. for testing, and then returned to Springfield, via Kansas City, for use during the trial. We are persuaded that these exhibits were offered into evidence in substantially the same condition as they were at the time the authorities came into their possession. *See United States v. Craig, supra,* 573 F.2d at 478. Appellant also challenges expert testimony given by an FBI specialist in firearms and toolmarks identification because its admissibility depended upon the admissibility of the physical exhibits. This FBI expert testified that, in his opinion, Exhibits # 1 and # 2 were at one time attached to each other, the combs forming a handle for the needle, and that the pieces had come apart. In view of our disposition of appellant's challenge to the admissibility of Exhibits # 1 and # 2, we find no error in the trial court's admission of the FBI specialist's testimony.

■ Next, appellant argues that the trial court erred in admitting certain testimony by FBI special agent Bruce Bradford. Agent Bradford testified over objection by appellant that he had requested a blood test of the needle, that the test was positive for human blood, but that there was an insufficient amount present in order to determine the blood type. Appellant argues that this testimony was inadmissible hearsay and violated his right of confrontation. *E. g., Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923 (1965); *see* Fed. R.Evid. 803. We agree that this testimony was hearsay; agent Bradford did not perform the blood tests on the needle and was merely reporting the results. Under the circumstances of the present case, however, we find the admission of this hearsay testimony was harmless error. There was over-

whelming evidence that appellant did in fact stab Messier with the needle. *See, e. g., Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *United States v. Bell,* 573 F.2d 1040, 1045 (8th Cir. 1978).

Finally, appellant argues that there was insufficient evidence to support the jury's verdict finding him guilty of assault with intent to murder. Appellant in essence argues that the evidence would at most support a conviction of the lesser included offense of assault with intent to do bodily harm. We disagree. We find ample evidence to support the jury's verdict. The three correctional officers testified that appellant grabbed Messier from behind about the neck and struck him in the chest. In addition, the doctor who examined Messier testified that the needle could have easily pierced the heart and that the assailant had stuck the victim with great force, bending the needle and jamming it in the breastbone.

Accordingly, the judgment of the district court is affirmed.