**UNITED STATES of America, Appellee,**

v.

**Barbara Kay MULLINS, Appellant.**

**No. 80–1723.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1980.

Decided Feb. 4, 1981.

1. The Hon. Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

Marc G. Kurzman, Minneapolis, Minn., Kurzman, Shapiro & Manahan, Minneapolis, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Sheryl Ramstad Hvass, Asst. U. S. Attorney, Dist. of Minnesota, Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Barbara Kay Mullins appeals from the district court's[1] judgment sentencing her to a six-year term of imprisonment and a four-year special parole term after a jury convicted her of possession with intent to distribute a controlled substance (heroin). Appellant argues that the district court erred in admitting real evidence (a heroin sample) without proper authentication under Fed.R.Evid. 901. We affirm.

Appellant argues in this court that the chain of custody of the heroin sample was not established because of various discrepancies and omissions in the testimony and records relating to the handling of the sample. For example, appellant urges that the

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

weight of the sample varied as measured by various government officials at different times, that the government failed to identify adequately who possessed the sample at various times after police obtained it, and that the sample was not well enough identified by marks on its container or by notes or records of those who handled it. Of course, these matters are within the discretion of the district court and our review is limited to whether that discretion has been abused. *United States v. Brown*, 482 F.2d 1226, 1228 (8th Cir. 1973).

We have thoroughly reviewed the record and find it amply supportive of the district court's decision to admit the evidence in question. While the evidence may have raised questions about the handling of the sample, it did not suggest any real basis for establishing the sample to be different from the one taken from the package sent to appellant. There was direct testimony that steps were taken to prevent misidentification of the sample, and the necessary inference from the evidence is some sloppiness in measurement or recording of the sample, not that different samples were confused. Therefore, we have no reason to disturb the district court's ruling. Further discussion would have little precedential value.

Affirmed. See 8th CIR. R. 14.