**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                        No. 98-4209

ROBERT L. ADAMS, a/k/a Bubby,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-136)

Submitted: December 3, 1998

Decided: December 18, 1998

Before LUTTIG and TRAXLER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James P. McHugh, KING, ALLEN, GUTHRIE & McHUGH,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Philip J. Combs, Assistant United States Attorney,
John C. Parr, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert L. Adams appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A.§ 922(g)(1) (West Supp. 1998). In this appeal, he challenges the constitutionality of § 922(g), the district court's denial of a requested jury instruction, the admission of certain evidence, and the propriety of the Government's closing argument.

Adams was indicted after a firearm was seized from his cell block. He had previously been convicted of a crime punishable by imprisonment exceeding one year. The jury found him guilty, and he was sentenced to ten years imprisonment.

Relying on United States v. Lopez, 514 U.S. 549 (1995), Adams challenges the constitutionality of § 922(g), asserting that the enactment of the statute exceeded Congress's Commerce Clause authority. Having rejected the identical argument in United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996), we find Adams' argument to be without merit. See also Scarborough v. United States , 431 U.S. 563, 577 (1977) (finding predecessor felon-in-possession statute within the bounds of the Commerce Clause).

Next, Adams contends that the district court erred in refusing to instruct the jury that Adams' possession of the firearm must have had a direct impact on interstate commerce, greater than merely that the firearm originated in a state other than West Virginia. He also asserts that the district court erroneously denied him the right to submit evidence showing that his possession of the firearm did not affect interstate commerce. However, in Wells, we specifically held that the existence of the statute's jurisdictional element-- requiring the Government to prove that the firearm was "shipped or transported in interstate or foreign commerce" -- "satisfies the minimal nexus required

2

for the Commerce Clause." 98 F.3d at 811. Consequently, we hold that an adequate interstate nexus exists if the firearm was shipped or transported in interstate or foreign commerce, regardless of whether the defendant was involved in the shipping or transporting. Accordingly, the district court did not err in refusing Adams' jury instructions or in limiting the admissible evidence on this subject.

At trial, several witnesses testified that Adams possessed the firearm in question to facilitate an escape attempt. Adams unsuccessfully filed a motion in limine seeking to exclude such testimony and now assigns error to the admission of this evidence.

While Fed. R. Evid. 404(b) forecloses admission of similar acts evidence simply to prove a defendant's bad character, it permits such evidence where necessary to provide the context or res gestae of the charged offenses. See United States v. Masters , 622 F.2d 83, 86 (4th Cir. 1980). Such was the case here. Adams arranged for the gun to be smuggled into the prison, and then he secreted it outside of his individual cell. It would have been difficult for the Government to create a coherent story about the relationship between Adams and the firearm without some leeway to discuss his motive, intent, and lack of mistake or accident.

However, the district court must still consider carefully whether the prejudicial impact of the res gestae evidence substantially outweighs its probative value. See Fed. R. Evid. 403. We review that balancing exercise deferentially for abuse of discretion. See Masters, 622 F.2d at 87-88. The prejudicial value of this evidence is minimal and gives us no cause to find that the district court acted arbitrarily or irrationally by admitting it. We find no abuse of discretion.

Adams next challenges, on chain of custody grounds, the introduction of a pillow used to smuggle the gun into the jail. The purpose of establishing "chain of custody" as a threshold requirement to admission of evidence is to establish that the item to be introduced is what it purports to be. See United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982). The authentication testimony must be "sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." Id. at 366. Precision in developing chain of custody is

3

not an iron-clad requirement. See id. Resolution of a chain of custody question rests within the sound discretion of the trial judge. See id.

Adams contends that the Government failed to account for the evidence from the time of its seizure until it was obtained by the officer who brought it to the evidence locker. In addition, he asserts that the pillow was altered after it was first brought to the jail. We find that any unaccounted for time period merely presents a"missing link" in the chain of custody, and because there was sufficient proof that the evidence was what it purported to be, admission of the evidence was not an abuse of discretion. See United States v. Clark, 928 F.2d 639, 643 (4th Cir. 1991). In addition, any change in condition between the time the pillow was brought to the jail and the time it was seized does not weigh against admission. See United States v. Roberts, 503 F.2d 453, 456 (8th Cir. 1974) (if condition of evidence is the same at trial as at the time of seizure, admission into evidence is proper).

Finally, Adams asserts that, during closing arguments, the Government referred to his failure to testify when it stated that testimony regarding that fact that the firearm was manufactured in California was "unchallenged." To determine whether an indirect remark constitutes an improper comment on a defendant's decision not to testify, a court must ask whether the language used was intended to be, or was of such character that the jury would naturally and necessarily take it to be, a comment on the failure of the accused to testify. See United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974). Review of the record reveals that the reference to which Adams objects was simply a statement that the evidence regarding a certain issue was uncontroverted. Such statements generally do not constitute improper comments on a defendant's failure to testify. See United States v. Percy, 765 F.2d 1199, 1204-05 (4th Cir. 1985). Further, the trial court specifically told the jury that the state had the burden of proof, that Adams was not required to prove his innocence, and that the jury's recollection of the evidence was controlling. Given these instructions and the nature of the Government's comments, we find this claim to be meritless.

We, therefore, affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4