Bunchie WHITE, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**
**No. 24645.**

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1967.

Rehearing Denied Jan. 31, 1968.

Stanford Harrell, Fort Worth, Tex.,
for appellant.

Robert S. Travis, Asst. U. S. Atty.,
Fort Worth, Tex., Melvin M. Diggs, U.
S. Atty., William O. Callaway, Jr., Asst.
U. S. Atty., for appellee.

Before TUTTLE and GEWIN, Circuit
Judges, and HUNTER, District Judge.

PER CURIAM:

Bunchie White was convicted of perjury. The issue of insanity was asserted in the trial court. No complaint is made about the instructions given as to the proper test of criminal responsibility.

The errors specified on appeal are:

1. The failure of the Court to provide for a specific ("not guilty by reason of insanity") finding.[1]

2. The failure of the Court to advise the jury of what would happen to the defendant in the event of such a finding.

The Court was required to provide for the special verdict and to advise the jury of the effect, appellant argues, by the cases of Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725, 728 (1957) and McDonald v. United State, 114 U.S.App.D.C. 120, 312 F.2d 847 (1962). We cannot agree. Both of these cases had to do with a District of Columbia statute which precisely provides for a verdict of "not guilty by reason of insanity."

The jurors decide the facts in accordance with the rules of law as stated in the instructions of the Court. The

---

1. The Court, in advising the jury of the possible verdicts, had this to say: "You will have a form of verdict and the exhibits with you in the jury room. The form of verdict reads, 'We, the jury, find the defendant .............. as charged in the Indictment.' Your foreman will insert in that blank the words 'not guilty' or the word 'guilty', as your verdict may be when you have arrived at an unanimous verdict."

Court imposes sentence or makes such other disposition of a defendant as required by the law. This is eminently sensible and in the absence of a statutory requirement there is no duty on the Court to inform the jury of what would happen to a defendant if this or that finding is made by them. (Pope v. United States, 298 F.2d 507 (5 Cir., 1962).) The guilty-not guilty alternatives offered the jury by the trial court were consonant with pleas available to defendants under Rule 11 of the Federal Rules of Criminal Procedure.

The judgment is

Affirmed.