Charles Henry **BISHOP**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 25345.

United States Court of Appeals Fifth Circuit.

May 20, 1968.

———◆———

Charles H. Volz, Jr., Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Jack B. Patterson, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

The only real question presented on this appeal from a conviction for violation of 18 U.S.C. § 2113(a) is whether there is sufficient evidence in the record to establish the sanity of the appellant beyond a reasonable doubt. The recent case of White v. United States, 5 Cir., 387 F.2d 367, makes it unnecessary to discuss appellant's other contention that he was entitled to have the jury told that the forms of verdict available to it were guilty, not guilty, and not guilty by reason of insanity.

The only medical testimony on the issue of insanity came from three doctors offered in behalf of the appellant. Two of them were qualified, disinterested psychiatrists and the other one was a general practitioner. One of the psychiatrists was a member of the psychiatric staff at the Medical Center for Federal Prisoners in Springfield, Missouri. The appellant had worked as a laboratory technician for the general practitioner until shortly before the offense here involved. Each one of the doctors had more than adequate time to study the appellant. The effect of their testimony was that appellant was suffering from a serious mental illness which disassociated him from reality and rendered him wholly irresponsible for his conduct at the time of the robbery. The illness was of a long standing and chronic nature. None of the diagnoses depended on the truth of narrative statements of the defendant or of interested parties.

The government offered no evidence, expert or non-expert, on the issue. It claims that it met its burden of proof on the sanity issue by its cross-examination of the medical witnesses developing a conflict in the testimony of the psychiatrists and a lack of knowledge by such witnesses of an utterance by the appellant shortly after the robbery. Mims v. United States, 5 Cir., 375 F.2d 135, 144, recognizes that in some cases expert opinion evidence may be rebutted in that manner. It points out, however, that both the variations as between the expert witnesses and the facts unknown to such witnesses must be material. It would serve no purpose to go into a detailed discussion of the evidence on the materiality question in this case. Suffice it to say that in our opinion the claimed conflict and lack of knowledge were not serious enough to raise a fact question on the issue of insanity. Nagell v. United States, 5 Cir., 392 F.2d 934, held that the government had failed to meet its burden of proving sanity beyond a reasonable doubt where it made a much stronger showing than it has made here.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed.