**UNITED STATES of America,**
**Appellee,**

**v.**

**Charles H. JACKSON, Appellant.**

**No. 72–1708.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1973.

Decided April 20, 1973.

Harold L. Holliday, Kansas City, Mo., filed appendix and brief for appellant.

Bert C. Hurn, U. S. Atty., and Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

A nine-count indictment charged the defendant Jackson with aiding and assisting in the preparation and presentation to the Internal Revenue Service of materially false and fraudulent Individual Income Tax 1040 Forms in violation of 26 U.S.C. § 7206(2). The Government dismissed Counts II, VIII, and IX prior to submission of the case to the jury.[1] The jury found the defendant guilty on Counts I and III and acquitted him of Counts IV, V, VI, and VII.

The defendant argues on appeal that the District Court should not have allowed admitted documentary evidence to be taken to the jury room and that the District Court erred in refusing to give an instruction relating to the testimony of an accomplice. Finding these contentions meritless, we affirm the conviction.

1. Honorable John W. Oliver, United States District Judge, Western District of Missouri, presided.

Judge Oliver first allowed the jury to inspect documentary evidence concerning Counts I and II while in the jury box. However, after the direct and cross-examination of Karen K. Carson, a witness taxpayer involved in Count III, Judge Oliver called a recess and agreed with *both* the Government and defense counsel [2] that each juror would be given an indexed copy of a full set of all exhibits *admitted into evidence* in order to expedite the trial and to make it more practical for the jury to view the numerous exhibits.

■ The defendant argues that this procedure of allowing admitted documentary evidence in the jury room focused undue prominence and emphasis to that evidence. That argument is not well taken. First, defense counsel at trial agreed to the use of this procedure. Second, since only exhibits that were properly admitted into evidence were given to the jurors to take into the jury room, such a procedure was entirely in order.[3] This method of presentation of similar documentary evidence was not only well within the District Court's discretion but also was a permissible decision for fairly expediting the trial.

■ Second, the defendant argues that the District Court erred in refusing to allow an instruction relating to the testimony of an accomplice. However, defense counsel did not object in chambers or before the jury concerning the omission of this presently contested instruction. Since the defendant had failed to object to this instruction before the jury retired and since no plain error appears on the record, we reject this argument. Fed.R.Crim.P. 30; United States v. Valez, 431 F.2d 622, 623 (8th Cir. 1970).

Judgment of conviction affirmed.

2. The defendant is represented by a different counsel on this appeal.

3. We held in United States v. Warner, 428 F.2d 730, 737 (8th Cir. 1970), cert. denied,

400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1970), also involving a violation of 26 U.S.C. § 7206(2), that "properly admitted illustrative materials may be sent to the jury room."