**UNITED STATES of America, Appellee,**

v.

**Blaine Hall MALONE, Appellant.**

**No. 76–2049.**

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 1977.

Decided June 28, 1977.

Rehearing Denied July 20, 1977.

Harold F. Glass, Springfield, Mo., for appellant.

Bert C. Hurn, U. S. Atty. and David H. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

The appellant, Blaine Hall Malone, was convicted on five counts of mailing threatening communications in violation of 18 U.S.C. § 876 and sentenced to five years imprisonment on each count, to be served concurrently. We affirm.

The threatening communications were in the form of letters addressed to the following individuals: Dennis J. Stewart, U. S. Magistrate, Western District of Missouri; Norman Carlson, Director, U. S. Bureau of Prisons; Clarence Kelley, Director, Federal Bureau of Investigation; Thomas J. McBride, District Judge, Eastern District of California; and William H. Becker, District Judge, Western District of Missouri. The letters were mailed during the latter part of January, 1976. At that time, Malone was serving a sentence for auto theft and was confined at the U. S. Medical Center for Federal Prisoners in Springfield, Missouri. The envelopes containing the letters all bore markings indicating they had been screened at the Medical Center. Each of the letters bore Malone's signature and contained fingerprints matching those on his fingerprint card. Each letter also contained a threat to kill the addressee.

Dr. Charles D. Ottensmeyer, a staff psychiatrist at the Medical Center and Malone's treating psychiatrist, testified that Malone lacked a substantial capacity, as a result of a mental disease or defect, to conform his conduct to the requirements of the law at the time the letters were mailed. Dr. Ottensmeyer indicated that his conclusions were consistent with the findings of two other psychiatrists and a psychologist who had previously examined Malone.

Dr. William F. Clary, a practicing psychiatrist, testified that Malone had an arrested development and was extremely disturbed. It was Dr. Clary's opinion, however, that Malone could conform to the requirements of the law when he was in a structured situation. He concluded that Malone was able to conform his conduct to the requirements of the law when the letters were mailed in January, 1976, because at that time Malone was in the highly structured and controlled environment of the Medical Center.

Robert Glover, Malone's case manager at the Medical Center, testified that in January, 1976, Malone had no difficulty in following instructions with respect to routine procedures. In October, 1975, Glover reported that Malone had steadily regressed since his original commitment.

■ On appeal, Malone contends that the District Court erred in failing to grant his motion for a judgment of acquittal. He argues that the evidence was insufficient to support the jury's finding that he had substantial capacity to conform his behavior to the requirements of the law at the time the offenses occurred.

■ In considering a motion for acquittal, the jury verdict must be sustained if the evidence, when viewed in the light most favorable to the government together with all reasonable inferences therefrom, is sufficient to support it. *United States v. Frye*, 548 F.2d 765, 767 (8th Cir. 1977); *United States v. Green*, 525 F.2d 386, 393 (8th Cir. 1975). Malone clearly met his initial burden of producing sufficient evidence to overcome the presumption of sanity. *United States v. Thomas*, 536 F.2d 274, 277 (8th Cir. 1976); *Dusky v. United States*, 295 F.2d 743, 754 (8th Cir. 1961), *cert. denied*, 368 U.S. 998, 82 S.Ct. 625, 7 L.Ed.2d 536 (1962). The government then has the burden of establishing beyond a reasonable doubt that Malone was sane at the time the offense was committed. *United States v. Thomas, supra.* After a careful examination of the record, we conclude, with some hesitation, that the government has produced sufficient evidence to meet its burden. On the basis of the lay testimony of

Glover,[1] and the expert testimony of Dr. Clary, the jury was entitled to find, as it did, that Malone was able to conform his behavior to the requirements of the law at the time the letters were sent. We are not faced with a case where a judgment of acquittal must be granted because reasonable persons must agree that reasonable doubt existed as to the defendant's sanity. *See Bishop v. United States*, 394 F.2d 500 (5th Cir. 1968); *McKenzie v. United States*, 266 F.2d 524 (10th Cir. 1959); *Fielding v. United States*, 102 U.S.App.D.C. 167, 251 F.2d 878 (1957). In those cases, the evidence was overwhelmingly in favor of the defense's position. *See Kaufman v. United States*, 350 F.2d 408, 414 (8th Cir. 1965). Here, the government produced both lay and expert testimony from which the jury could reasonably find that Malone was sane at the time the offenses were committed.

■ Malone next contends that the District Court erred in admitting the letters and envelopes addressed to Norman Carlson, Clarence Kelley and Judge Thomas J. McBride, because the government presented "weak and skimpy" evidence as to identification and chain of custody. The determination by a District Court that exhibits are admissible will not be overturned unless there has been a clear abuse of discretion. In *United States v. Brown*, 482 F.2d 1226 (8th Cir. 1973), this Circuit held that:

> [f]actors to be considered in making the determination of admissibility include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. If upon consideration of such factors, the trial judge is satisfied that in reasonable probability the article has not been changed in any important respect, he may permit its introduction in evidence.

*Id.* at 1228. *See also Brewer v. United States*, 353 F.2d 260, 262 (8th Cir. 1965);

*Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960).

After reviewing the evidence, we are satisfied that it adequately establishes the chain of custody of the letters from the time of their receipt and transmission to the F.B.I. laboratory and to the time of trial. There is no evidence that any of the exhibits were tampered with. Moreover, the District Court is entitled to assume that the public officials having custody of the letters properly discharged their duties and did not tamper with them. *See United States v. Brown, supra* at 1228; *Brewer v. United States, supra* at 263. We conclude that the District Court did not abuse its discretion in admitting the letters.

■ Malone's final contention is that he had inadequate assistance of counsel because his trial counsel failed to call Edward Sanchez and Gerald Vernon McDonald who were fellow prisoners at the Medical Center and could have testified as to his behavior and the treatment he received at the time the letters were mailed. At Malone's request, arrangements were made by the District Court for both of the potential witnesses to be available at trial. The record reveals that his trial counsel was aware of what the testimony of the two would be. He was also aware that both of the potential witnesses had felony convictions; and that McDonald had been convicted for the same offense for which Malone was being tried. It is established in this Circuit that a defendant is denied effective assistance of counsel if his trial counsel "does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976); *Pinnell v. Cauthron*, 540 F.2d 938, 939 (8th Cir. 1976). The defendant has the initial burden of demonstrating that his trial counsel failed in the performance of an

---

1. Lay testimony alone can be sufficient to satisfy the government's burden even though there is expert testimony to the contrary. *Kaufman v. United States*, 350 F.2d 408, 413 (8th Cir. 1965), *cert. denied*, 383 U.S. 951, 86 S.Ct. 1211, 16 L.Ed.2d 212 (1966); *Dusky v. United States*,

295 F.2d 743, 754 (8th Cir. 1961), *cert. denied*, 368 U.S. 998, 82 S.Ct. 625, 7 L.Ed.2d 536 (1962). In this case, the government has also produced expert testimony with respect to the defendant's sanity.

essential duty. *Thomas v. Wyrick*, 535 F.2d 407, 414 (8th Cir. 1976), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). Malone has failed to meet this burden. The decision not to call Sanchez and McDonald was one of discretionary trial strategy made with the trial counsel's full awareness of both the likely content of their testimony and their felony convictions.

Affirmed.