UNITED STATES of America, Plaintiff,

v.

MING SEN SHIUE, Defendant.

Cr. 3–80–72.

United States District Court,
D. Minnesota,
Third Division.

Nov. 3, 1980.

Thomas K. Berg, U. S. Atty., and Thorwald H. Anderson, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Ronald Meshbesher, Kenneth Meshbesher, Meshbesher, Singer & Spence, Ltd., Minneapolis, Minn., for defendant.

### MEMORANDUM & ORDER

DEVITT, Chief Judge.

Defendant moves for a judgment of acquittal or in the alternative for a new trial. Defendant was found guilty of kidnapping in violation of 18 U.S.C. § 1201. Defense counsel moves for judgment of acquittal alleging that the verdict is contrary to the weight of the evidence and contrary to law. In the alternative defense counsel moves for a new trial on the same basis and argues additionally prosecutorial misconduct, that the court erred in denying defendant's motions for change of venue and for a continuance. Finally, defense counsel argues that the court erred in allowing certain video tapes to go into the jury room and in denying a jury instruction requested by defendant.

Defendant's motions for judgment of acquittal or in the alternative for a new trial are DENIED.

*Sufficiency of the Evidence*

 A judgment of acquittal is proper only if the evidence, when viewed in light most favorable to the government, is such that reasonable persons must agree that reasonable doubt existed as to any single essential element of the crime. *United States v. Brim,* 630 F.2d 1307 (8th Cir. 1980); *Kaufman v. United States,* 350 F.2d 408 (8th Cir. 1965), *cert. denied* 383 U.S. 951, 86 S.Ct. 1211, 16 L.Ed.2d 212 (1966). Defendant, through counsel, admitted, on record, the commission of the criminal act. The only issue before the jury was whether defendant was sane at the time the crime was committed. Since defendant sufficiently rebutted the presumption of sanity the burden was on the government to establish beyond a reasonable doubt that defendant Shiue was sane at the time the crime was committed. *United States v. Malone,* 558 F.2d 435, 437 (8th Cir. 1977).

Counsel for defendant argues that defendant is entitled to a judgment of acquittal because there is not sufficient evidence of record to support the jury's verdict of guilty. In determining the issue of insanity the narrow issue before the jury was whether defendant appreciated the moral wrongfulness of his conduct.

However, expert testimony, even when uncontroverted, is not conclusive on the issue of a defendant's sanity, *United States v. Mota,* 598 F.2d 995 (5th Cir. 1979), *cert. denied* 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 770 (1980) and the government may meet its burden through lay testimony alone. *Kaufman v. United States,* 350 F.2d 408, 413 (8th Cir. 1965), *cert. denied* 383 U.S. 951, 86 S.Ct. 1211, 16 L.Ed.2d 212 (1966), cited with approval in *United States v. Malone,* 558 F.2d 435, 438 n.1 (8th Cir. 1977). In this case the jury had before it a video taped replay of the commission of the crime. The first three hours of the video tapes depicts a sophisticated interrogation of the victim by the defendant wherein defendant states his alleged motive in kidnapping the Stauffers and admits that he knows it to be wrong. Significantly, and somewhat ironically, that segment of the tapes includes a lengthy discussion of Christian morality with respect to defendant's conduct. It is difficult to imagine a case where the jury could have more probative information upon which to make its determination of sanity and it well may be that

the video tape evidence alone would be sufficient to meet the government's burden. However, the jury had in addition before it the testimony of the government's psychologist who testified that the defendant could appreciate the moral wrongfulness of his conduct and also heard the testimony of Mrs. Stauffer and Mr. Thorson who testified that defendant Shiue was responsive to questions. When viewed in light most favorable to the government the evidence is not such that a reasonably minded jury must have reasonable doubt as to defendant's sanity.

*Prosecutorial Misconduct*

Defendant moves for a new trial alleging prosecutorial misconduct. The alleged misconduct concerns three cryptic and unrelated remarks. Referring to testimony given during direct examination of Dr. Stephans, the principal defense witness, the prosecutor noted that the witness was on "automatic pilot;" during cross examination the prosecutor commented "that's handy" in referring to an answer given by Dr. Stephans and during surrebuttal examination of Dr. Stephans the prosecutor referred to defense counsel's use of "trick questions." Defendant argues that the cumulative effect of these comments was to raise "the unmistakable inference that [the] defense [of insanity] had been fabricated for trial."

■ The determinative question in considering whether a new trial is required for alleged prosecutorial misconduct is "whether the argument complained of was so offensive as to deprive the defendant of a fair trial," *United States v. Matousek*, 483 F.2d 286, 288 (8th Cir. 1973) or was "calculated to produce a wrongful conviction," *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

■ The prosecutor's comment that the witness was on "automatic pilot" refers only to the manner in which the witness testified before the jury. Such a characterization does not place the prosecutor's credibility before the jury nor does it carry any inference of outside knowledge, and thus is not prejudicial. *See United States v. Daw-*

*kins*, 562 F.2d 567, 569 (8th Cir. 1977). Moreover, the prosecutor's characterization was not without factual basis. Nor can it be said that the comments concerning "trick questions" and "that's handy" carry any inference of outside knowledge by the prosecution. Though the comments express some skepticism on the part of the prosecutor of defendant's witness and possibly of the defense and might well have better gone unstated, those comments were not part of an unjustified character assassination or vilification of the witness. *See, United States v. Lee*, 506 F.2d 111, 117 (D.C.Cir.1974), *cert. denied* 421 U.S. 1002, 95 S.Ct. 2403, 44 L.Ed.2d 670 (1975). Nor did the comments rise to the level of calling the defense fabricated, contrived or tailored. *See, United States v. Spain*, 536 F.2d 170, 175 (7th Cir.) *cert. denied* 429 U.S. 833, 97 S.Ct. 96, 50 L.Ed.2d 97 (1976). The comments were isolated incidents in an extended trial which was marked by decorum and respect. *Compare, Berger v. United States*, 295 U.S. 78, 84 & 89, 55 S.Ct. 629, 631 & 633, 79 L.Ed. 1314 (1935). Viewed in that light the comments were not calculated to produce a wrongful conviction or so prejudicial so as to deprive defendant of a fair trial.

Defendant also alleges prejudicial error in two comments from the bench. During cross examination of Dr. Stephans, the government objected to a non–responsive answer of the witness. The objection was sustained as it was apparent that the witness was poised for a periphrastic discourse on the distinction between psychotic and non–psychotic illnesses. In sustaining the objection, the court told Dr. Stephans that he could tell his story later. Defendant objected to the court's evidentiary ruling as well as the court's use of the term "story." Defendant urges that the term expressed judicial skepticism of the witness' testimony.

■ The control and conduct of the trial is vested in the trial judge. *Baron Tube Co. v. Transport Ins. Co.*, 365 F.2d 858 (5th Cir. 1966), and in federal courts the trial judge is more than a mere moderator but rather is

one charged with the duty to make such rulings as are necessary to conduct a fair and impartial trial. *Skogen v. Dow Chemical Company*, 375 F.2d 692, 704 (8th Cir. 1967). Evidentiary rulings fall within such discretionary rulings. *Id.; Walton v. Sherwin–Williams Co.*, 191 F.2d 277 (8th Cir. 1951).

■ With respect to the use of the term "story," the objection was promptly raised and the court immediately, in open colloquy with Dr. Stephans, clarified its remark indicating that it intended only that Dr. Stephans could state his case more fully when examined by defense counsel. Dr. Stephans acknowledged that he took the comment to mean just that. That comment, particularly when clarified, does not reflect judicial partiality to the point where it may have become a factor in the jury's determination. *See, United States v. Fernandez*, 480 F.2d 726, 735–38 (2d Cir. 1973).

■ Nor is the court persuaded that its comment concerning the burden of proof on the sanity issue prejudiced defendant. The court instructed the jury no less than seven times that the government must prove beyond reasonable doubt each element of the crime including the sanity of the defendant. The court took the additional precaution of sending a copy of that instruction along with the jurors into the jury room. Moreover, the comment objected to was made when the court was commenting on the evidence after the court had fully instructed the jury on the law and after the court told the jury that it, the jury, was the sole judge of the facts. Indeed, the comment was made during a visit with the jury during which the court sought only to provide the jury with a rational means to approach their deliberations.

*Change of Venue*

■ Defendant alleges prejudicial error in the court's failure to grant defendant's request for change of venue. It is well established that in determining whether defendant can receive a fair and impartial trial, it is not necessary "that the jurors be totally ignorant of the facts and issues in-

volved . . . . [i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. [Citations omitted]" *Irvin v. Dowd*, 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961) cited with approval in *Mastrian v. McManus*, 554 F.2d 813, 818 (8th Cir.), *cert. denied* 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). In accordance with the procedure set forth in *Blumenfield v. United States*, 284 F.2d 46 (8th Cir. 1960) the court belayed ruling on defendant's motion until after *voir dire.*

■ A large panel of prospective jurors was called. All venire persons who had formed an opinion as to the guilt or innocence of defendant were immediately excused. The remaining panel members were questioned individually, out of the presence of each other. The court interrogated each member in all areas requested by both counsel. All prospective jurors to which defendant objected were excused and defendant did not move to dismiss the chosen jurors either after jury selection or during trial. *See Mastrian v. McManus*, 554 F.2d 813, 818 (8th Cir.), *cert. denied* 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). Each juror seated stated that he or she could be fair and impartial and could render their verdict based on the evidence presented at trial thereby meeting the requirements set forth in *Irvin v. Dowd*, 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961). Finally, the court took the additional precaution of sequestering the jurors during the entire trial. *See Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966).

*Other Issues*

■ Defendant alleges error in the court's denial of defendant's motion for a six week continuance. Defendant was indicted on July 11, 1980. Trial was originally scheduled for September 2, 1980. Upon defendant's motion for a continuance, trial was continued until September 8, 1980. In a pretrial conference held on September 3, 1980, defendant did not renew his motion

for a continuance. Moreover, defendant has failed to show that he was prejudiced by the court's denial of his request for a six week continuance. *See, United States v. Lanier,* 578 F.2d 1246, 1252–53 (8th Cir.), *cert. denied* 439 U.S. 856, 99 S.Ct. 169, 58 L.Ed.2d 163 (1978). Indeed the testimony of the defense psychiatrists and the defense psychologist indicates that they were well prepared having spent 11 hours in interviews as well as additional time in viewing the video tapes and manuscripts.

Defendant's argument that the court erred in permitting the video tapes to go into the jury room lacks merit. Defendant does not contest the admissibility of the video tapes, but argues only that their presence in the jury room would cause the jury to focus undue attention on the contents of the tapes.

The general rule is that exhibits properly admitted into evidence may be sent to the jury room. *United States v. Jackson,* 477 F.2d 879 (8th Cir. 1973). The court is satisfied that was proper here. The evidence here was not in the nature of a victim's bloody clothing, *Puryear v. State,* 50 Tex.Cr.R. 454, 98 S.W. 258 (1906) or the deceased's skull, *State v. Teale,* 154 Iowa 677, 135 N.W. 408 (1912), which evidence, by its nature, is likely to appeal to the emotions of the jurors. Nor is this a case where the evidence submitted capsulizes the entire government's case against the defendant. *See, United States v. Parker,* 491 F.2d 517, 521 (8th Cir. 1973) clarifying *Sanchez v. United States,* 293 F.2d 260 (8th Cir. 1961). The only issue before the jury was defendant's sanity at the time the crime was committed. The tapes were but one piece of evidence along with the voluminous manuscripts written by defendant which reflected the defendant's state of mind at the time the crime was committed. It should be noted that defendant did not object to permitting the manuscripts to be sent to the jury room even though those manuscripts might unduly absorb the attention of the jury.

Nor does the court find merit in defendant's argument that he was entitled to his proposed jury instruction *haec verba.* It is sufficient if the instructions adequately cover the applicable law. *United States v. Williams,* 604 F.2d 1102, 1120 (8th Cir. 1979). The instruction given stated the substance of defendant's request and was approved in *United States v. Sibley,* 595 F.2d 1162 (9th Cir.), *cert. denied* 444 U.S. 937, 100 S.Ct. 286, 62 L.Ed.2d 196 *reh. denied* 444 U.S. 985, 100 S.Ct. 494, 62 L.Ed.2d 414 (1979).

The verdict is adequately supported by evidence of record and the court finds no error requiring a new trial.

Defendant's motions for judgment of acquittal or in the alternative for a new trial are DENIED.