**UNITED STATES of America, Appellee,**

v.

**Harry L. Weeks, Appellant.**

**No. 80–1904.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1981.

Decided April 10, 1981.

---

10. *See Satz v. ITT Financial Corp., supra,* 619 F.2d at 745 n.11.

John Barnett, Dallas, Tex., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Michael A. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

LAY, Chief Judge.

Harry L. Weeks was convicted in the Western District of Missouri of transporting a stolen motor vehicle in interstate commerce under 18 U.S.C. § 2312 and of transporting a stolen security in interstate commerce under 18 U.S.C. § 2314. He thereafter filed this appeal.

On February 16, 1980 Michael Willhoit, a Springfield, Missouri, car dealer sold a 1979 Porsche 930 Turbo automobile to one Jesse L. Carraway in return for a cashier's check drawn on the Fourth National Bank of Tulsa, Oklahoma and payable to Willhoit in the amount of $47,000. The cashier's check was later discovered to have been stolen from the bank in 1976. On March 13, 1980, Harry L. Weeks was arrested in Alpine, Texas for possession of the stolen Porsche. Weeks was advised of his rights and taken to the Brewster County Sheriff's Department for questioning. Weeks' explanation for his possession of the automobile was that he had met Capt. Carraway and purchased the Porsche automobile from him on February 29. Thereafter Weeks signed a consent form authorizing officers to search the motel room in which Weeks, his girl friend and her infant daughter had been staying. A search of the motel room revealed a notebook containing the names and phone numbers of Michael Willhoit and Reliable Chevrolet, a dealership through which Willhoit worked. Also written in the notebook was the amount $47,000. Weeks was later identified by Willhoit and his wife as the man representing himself as Carraway who purchased the Porsche in February.

On appeal Weeks alleges the trial court erred in ruling that his consent to the search was voluntarily given, that Weeks' statement should have been suppressed and that the chain of custody of the purchase order bearing his fingerprints was not adequately demonstrated.

A. *Consent to the Search.*

Weeks alleges that he was coerced in giving consent to search the motel room out of fear as to what would happen to his girl friend and her child. He asserts that prior to his signing the consent form that police officers implied that if he did not sign the consent form that his girl friend would be arrested and her child taken away from her. He also maintains that the blanks on the consent form had not been filled in when he signed it. Weeks' testimony was directly contradicted at the suppression hearing by two prosecution witnesses. Police officer Michael Wohleking testified that Weeks signed the completed consent form in his presence without objection. He testified that there was a discussion with Weeks concerning Weeks' girl friend but that it occurred after Weeks had signed the consent form and it involved only how she and her baby were to get out of town. Texas Ranger Clayton McKinney testified that Weeks had asked him to see that his girl friend and her child were taken to a bus station so that they could leave town. Weeks also gave McKinney some money to give to his girl friend. McKinney testified that he saw that the woman received the money and took her to a bus station. He stated that at no time was his assistance to Weeks' girl friend contingent on Weeks' consent to the search. The trial court found that Weeks' consent was voluntarily and intelligently made and held that the consent and the ensuing search were valid. A reviewing court will not reverse credibility findings by the district court as long as there is substantial evidence to support the conclusions reached and no clear error appears on the record. *United States v.*

*McNally,* 485 F.2d 398, 406 (8th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974); *Mullins v. United States,* 487 F.2d 581, 589 (8th Cir. 1973). The record here supports the district court's ruling.

**B.** *Voluntariness of Defendant's Statements.*

Weeks concedes that he was advised of his *Miranda* rights before questioning. He argues, however, that they were inadequate in that the officer stated: "... any oral or written statements you make *may* be used against you in court." (Emphasis added.) Weeks contends that this is insufficient in light of the Supreme Court's statement in *Miranda* that "[T]he warning of the right to remain silent must be accompanied by the explanation that anything said *can and will* be used against the individual in court." *Miranda v. Arizona,* 384 U.S. 436, 469, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966) (emphasis added). The departure from the precise text of *Miranda* is insufficient to significantly alter the warning given Weeks.[1]

**C.** *Chain of Custody.*

Finally, Weeks contends that the trial court erred in admitting into evidence Willhoit's purchase order for the Porsche because the prosecution failed to establish a sufficient chain of custody. At trial Willhoit testified that after Weeks signed the purchase order using the alias of Carraway he returned it to his files where it remained until he gave it to FBI agent Van Someren. Willhoit stated that while he was not sure of the date on the purchase order, that no one else had touched the purchase order prior to the time it was given to the agent. Agent Van Someren testified that he was in possession of the purchase order until he sent it to the FBI laboratory to be checked for fingerprints. In *United States v. Malone,* 558 F.2d 435, 438 (8th Cir. 1977), the court reiterated the factors to be considered in a trial court's determination of foundational proof such as the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. The district court was entitled to assume that the public officials having custody of the purchase order properly discharged their duties and did not tamper with them. *See id.* at 438; *United States v. Brown,* 482 F.2d 1226, 1228 (8th Cir. 1973). Where the trial judge, upon consideration of these factors, is satisfied that in reasonable probability the article has not been changed in any significant respect, he may permit its introduction into evidence. *United States v. Malone,* 558 F.2d at 438. We find no error in the proceedings in district court.

We affirm the judgment of conviction.

---

1. The Supreme Court in summarizing its holding in *Miranda* stated:

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make *may* be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.

*Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) (emphasis added).