**UNITED STATES of America, Appellee,**

**v.**

**Emmett AMERICAN HORSE, Appellant.**

**No. 81–1586.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 18, 1981.
Decided Feb. 18, 1982.

Gary G. Colbath, argued, Banks & Johnson, a Professional Corp., Rapid City, S. D., for appellant.

Jeffrey L. Viken, U. S. Atty., D. South Dakota, Rapid City, S. D., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Emmett American Horse was indicted by a federal grand jury in the United States District Court for the District of South Dakota[1] on December 12, 1979, for second degree murder for the December 9, 1979 death of his wife Ellen Reno American Horse, in violation of 18 U.S.C. §§ 1111 and 1153. Defendant was arraigned on April 1, 1980, and pled not guilty. Defendant was represented by counsel throughout the pretrial and trial proceedings.

On December 5, 1980, the jury returned a verdict of guilty of the lesser included offense of voluntary manslaughter. On February 6, 1981, the trial court committed the defendant for psychiatric study and observation for a period not to exceed three months at the federal medical facility at Springfield, Missouri. On May 15, 1981, after a court-ordered presentence investigation and psychiatric study, defendant was sentenced to eight years imprisonment. Defendant appeals.

Emmett American Horse is a member of the Oglala Sioux Tribe of the Pine Ridge Indian Reservation in South Dakota. Prior to December 9, 1979, he held the position of chief prosecutor for his tribe. On December 9, 1979, defendant shot and killed his wife at the family home near Porcupine, South Dakota. Two of the defendant's children and the defendant's brother witnessed the shooting. Defendant's theory of the case was that the gun accidently fired during a struggle with his wife over the gun. There was conflicting testimony by the witnesses as to whether or not defendant and his wife had struggled for the gun. Additionally, defendant raised the defense of insanity.

On appeal defendant argues that there was insufficient evidence to support the conviction, that there was insufficient evidence to support a finding that defendant was sane at the time of the shooting, and that the trial court denied defendant a fair trial by forcing the defendant to shorten the presentation of his case. We conclude that these contentions have little merit and accordingly affirm the conviction.

*A. Sufficiency of the Evidence.*

■ Defendant was convicted of voluntary manslaughter under 18 U.S.C. § 1112 which provides in relevant part:

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary—Upon a sudden quarrel or heat of passion.

Defendant argues there was insufficient evidence presented at trial to support the conviction. He argues that all the evidence supports his contention that the shooting was accidental and occurred during a struggle between defendant and his wife for the gun.

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

In reviewing the sufficiency of the evidence to support a conviction it is not for this court "to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Elk,* 658 F.2d 644, 646 (8th Cir. 1981).

We find substantial evidence in the record to support the jury's verdict of guilty of voluntary manslaughter. The testimony of the witnesses to the shooting revealed that defendant and his wife had been quarreling moments before the shooting. Two of defendant's children testified that defendant fired two shots at his wife before firing the fatal shot. Neither defendant's brother, who witnessed the shooting, nor defendant could recall whether defendant and his wife had struggled for the gun. Additionally, the uncontroverted evidence that the gun was within inches of Ellen's body when it was fired is not inconsistent with the jury verdict of voluntary manslaughter and does not prove that the shooting was accidental. The jury could have reasonably concluded that defendant shot his wife upon a sudden quarrel or in the heat of passion.

**B. Insanity Defense.**

▮▮▮ Defendant raised the defense of insanity at trial and asserted in his motions for judgment of acquittal and now on appeal that the trial court should have found that the evidence was insufficient to support a finding that defendant was sane at the time he killed his wife. The ALI test for insanity was adopted by this court in *United States v. Frazier,* 458 F.2d 911, 918 (8th Cir. 1972) and states that a defendant is insane if at the time of the alleged crime "he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." (Footnote omitted.) A defendant is presumed to be sane until he introduces evidence of insanity, then the burden shifts to the government to prove sanity beyond a reasonable doubt. *United States v. Voice,* 627 F.2d 138, 148 (8th Cir. 1980). To reverse the conviction "we must be satisfied that the prosecution's evidence was so weak that a reasonable juror would necessarily possess a reasonable doubt as to defendant's sanity." *Id.* at 148–49. We find that the government produced sufficient evidence "from which the jury could reasonably find that [defendant] was sane" at the time he shot his wife. *United States v. Malone,* 558 F.2d 435, 438 (8th Cir. 1977).

The government presented the testimony of Dr. David Bean, a psychiatrist who examined the defendant on July 30, 1980. Dr. Bean testified that the three and one quarter hour examination of the defendant was longer than his average psychiatric examination and that he was confident of the reliability of the results of the examination and the tests he performed with defendant. The doctor testified that although defendant was suffering from severe depression, there was no sign of any psychosis. The doctor's conclusion was that the defendant was not "substantially incapacitated either to appreciate the wrongfulness of his actions or to conform his conduct to the requirements of law."

In addition to Dr. Bean's testimony the government offered lay witnesses who testified that defendant was acting normally on the morning of the shooting and had acted normally during the weeks prior to the shooting. This court has recognized that lay testimony may be used to sustain the government's burden of proving the defendant's sanity. *United States v. Dresser,* 542 F.2d 737, 742 (8th Cir. 1976). In the present case the government offered both lay and expert testimony to rebut the testimony of defendant's psychiatrist that defendant was insane at the time of the shooting. We hold that there was sufficient evidence to support the jury's finding that defendant was not insane at the time of the shooting.

**C. Trial Court's Comments.**

▮▮▮ Defendant argues that on two occasions during trial the trial court told de-

fense counsel to shorten his questioning of witnesses. Defendant alleges that this was a violation of his right to a fair trial. We find no merit in this contention. This court has recognized that the length of direct and cross-examination is determination within the trial court's discretion. *Batsell v. United States,* 403 F.2d 395, 401 (8th Cir. 1968), *cert. denied,* 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969). Absent an abuse of discretion the trial court's determination will not be reversed. *United States v. Collins,* 652 F.2d 735, 739 (8th Cir. 1981).

We find no abuse of discretion in the trial court's comments regarding the length of defense counsel's questioning of witnesses. The record reveals that the court's comments were limited to statements that the parties should be aware of time constraints. When questioned by the court defense counsel admitted that the witnesses he wished to present would not testify differently than the other witnesses had. Even then the court did not limit the number of witnesses defense counsel could call. Additionally, defendant has not shown that he actually abandoned his line of questioning or that he did not call witnesses he had intended to call. We also note that defense counsel did not object to any of the trial court's comments at trial. We find that defendant was not restricted unreasonably and was able to fully and fairly present his case. *Batsell v. United States, supra,* 403 F.2d at 401.

We affirm the conviction of voluntary manslaughter.