**UNITED STATES of America, Appellee,**

v.

**Alf Robert LEE, a/k/a Robert Lee, Appellant.**

**No. 83–1502.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1984.

Decided March 7, 1984.

Rodney S. Webb, U.S. Atty., Fargo, N.D., for appellee.

Jonathan T. Garaas, Garaas Law Firm, Fargo, N.D., for appellant.

Before BRIGHT, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Alf Robert Lee was convicted of two counts of violating 18 U.S.C. § 2314, transporting checks in interstate commerce of more than $5000 value and knowing the same to have been taken by fraud. At trial, Lee's defense was insanity. On appeal, Lee submits three allegations of error: 1) that the trial court erred in its instruction of the jury; 2) that the evidence was insufficient to establish his sanity by proof beyond a reasonable doubt; and 3) that the trial court abused its discretion in refusing to grant a continuance to allow further psychiatric examination. We find no merit in the above allegations of error and, for the reasons discussed herein, we affirm.

Lee first argues that the court erred in submitting Instruction No. 18 to the jury. Instruction No. 18 directed the jury to consider the defense of insanity "only if it has first determined that the defendant committed the acts charged in the indictment." Lee contends that Instruction No. 18 should have told the jury that it must first find that the defendant committed all the elements of the offense, not simply all of the "acts" charged in the indictment. We find that Lee's reliance on the word "acts" is misplaced. Jury instruc-

tions must be viewed as a whole and a verdict will not be overturned by picking and choosing words from an instruction without regard to the realities of the trial. *E.I. du Pont de Nemours v. Berkley & Co.*, 620 F.2d 1247, 1270 (8th Cir.1980). When Instruction No. 18 is read in conjunction with all of the instructions, it is clear that the trial court properly instructed the jury.

Lee's second allegation of error is that the evidence was insufficient to justify a reasonable jury finding that the government had proved that he was sane beyond a reasonable doubt. We reject Lee's argument on this issue. To reverse the conviction we must find that the prosecution's evidence was so weak that a reasonable juror would necessarily possess a reasonable doubt as to the defendant's sanity. *United States v. American Horse*, 671 F.2d 286, 288 (8th Cir.1982). We find that the government produced sufficient evidence from which the jury could reasonably find that Lee was sane during the relevant time period.

Lee also contends that the district court abused its discretion by denying his motion for a continuance. The trial court has discretion to grant continuances, and this discretion may only be reviewed for an abuse thereof. *United States v. Little*, 567 F.2d 346, 348 (8th Cir.1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978). Normally, the trial judge must balance a number of factors in deciding whether a continuance is appropriate:

> One consideration is the nature of the case itself. In a complicated case, * * * or one set for trial before adequate time has been provided for trial preparation, * * * equity favors a continuance. A second factor must be the diligence of the party requesting the continuance. * * If the party has not been dilatory or negligent in the preparation of his case, and yet still needs more time before trial, that party obviously has a greater claim to a continuance. Third, the trial judge must consider the conduct of the opposing party. If the other side has been

uncooperative, or tardy in making material available that the movant had a right to discover, then the court must take that into account. * * * Fourth, the court must assess the effect of the continuance. In some cases delay may operate to disadvantage one side at the expense of the other, and the court should be cognizant of that danger. Fifth, the court must consider the asserted need for the continuance. Sudden exigencies and unforeseen circumstances militate in favor of continuances, although like all of the other factors mentioned, they may not of themselves warrant the continuance. The evaluation and balancing of these factors, as well as other additional factors that may arise, rest with the district judge, and he must be afforded a substantial amount of discretion in his decisionmaking in this area of the law. [Citations omitted.]

*Id.* at 348–49.

We find nothing in the record indicating that the district court abused its discretion in denying Lee's motion for a continuance. Counsel was appointed for Lee on October 26, 1982. Trial was set for December 4, and an order had been entered setting November 12 as the last day for filing pretrial motions. The motion for a continuance filed on November 29 was denied. The continuance was desired so as to enable Lee to secure a psychiatrist to examine him and, if the examination proved satisfactory, to testify in his defense. Denial of the continuance, however, did not leave Lee without expert testimony. A psychologist who had previously examined Lee did testify in his defense. The trial court properly denied the motion for a continuance.

For the foregoing reasons, we affirm the conviction.