**UNITED STATES of America, Appellee,**

v.

**Calvin Orin WRIGHT, Appellant.**

**No. 85–5068.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1985.

Decided Nov. 4, 1985.

Daniel M. Scott, Minneapolis, Minn., for appellant.

Paul A. Murphy, Minneapolis, Minn., for appellee.

Before ROSS, McMILLIAN, and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

Calvin Wright was caught with a gun in his suitcase at the St. Paul/Minneapolis Airport terminal and was indicted for being a felon in possession of a firearm. 18 U.S.C. App. § 1202(a). The jury found him guilty. We affirm his conviction.

## FACTS

Wright's only defense to the possession charge was insanity. He alleged that he lacked the capacity to conform his conduct to the requirements of the law because he suffered from post-traumatic stress syndrome (PTSD) resulting from his experiences in the Vietnam war, as well as depression and substance abuse. *See United States v. American Horse*, 671 F.2d 286, 288 (8th Cir.1982) (insanity standard).

The defense called two expert witnesses to testify as to the insanity defense. The first expert, Dr. Harry K. Russell, testified that Wright suffered from PTSD; the second testified that Wright suffered from PTSD, depression and substance abuse, and that Wright lacked the capacity to conform his conduct to the requirements of the law on the date he was caught with the gun. In rebuttal, the government called three expert witnesses who testified that Wright either was not suffering from the claimed medical illnesses, or that the illnesses did not interfere with his capacity to conform his conduct to the requirements of the law.

Wright's first expert witness, Dr. Russell, is a clinical psychologist at the Veterans Administration Hospital. Dr. Russell had evaluated Wright after Wright was indicted on the charge involved in this case. At trial, Dr. Russell testified that he had concluded at the time of the evaluation that Wright suffered from PTSD. Dr. Russell admitted, however, that he had not been able to complete a full evaluation of Wright.

On cross-examination, the government sought to introduce the interview form used by Dr. Russell in evaluating Wright. The defense objected on the basis of lack of foundation and then, at a bench conference, added hearsay and relevancy objections. The latter objections were based on the fact that the form contained a notation written by Dr. Russell which stated: "called his attorney, Dan Scott, 349–5359, stating could not testify regarding PTSD defense." The notation was dated March 27, 1984—one day after Dr. Russell's interview with Wright. The court overruled the objections.

The government then asked Dr. Russell to explain why he had stated on the interview form that he could not testify as to the PTSD defense. He answered that at the interview, Wright had told him that he did not know the gun was in his suitcase. This denial of knowledge was considered by Dr. Russell to be inconsistent with an insanity defense based on PTSD, but not necessarily inconsistent with a PTSD diagnosis. He testified that, in his opinion,

Vietnam veterans "always know where their gun is" and that "it is not likely [that] * * * someone with post-traumatic stress would casually throw a gun into a bag where there is some chance of it being found." From this, he had concluded that if Wright's attorney "wanted to talk about post-traumatic stress as a reason why he [Wright] put the gun in there, I couldn't support that."

## DISCUSSION

The only issue on appeal is whether the admission of the exhibit and the testimony relating to the notation on the exhibit was reversible error. Wright does not challenge the sufficiency of the evidence to support the conviction.

█ First, Wright argues that the notation on the interview form was inadmissible as hearsay. We reject this argument since the exhibit with notation attached was not "offered in evidence to prove the truth of the matter asserted." FED.R.EVID. 801(c). The government offered the exhibit at issue in order to have Dr. Russell explain the limited nature of his evaluation of Wright, to clarify that Dr. Russell's testimony was limited to an opinion that Wright suffered from PTSD, and to emphasize that Dr. Russell was not testifying that Wright was legally insane. In short, the government did not offer the exhibit to prove that Dr. Russell called Wright's attorney to say he could not testify.

Second, Wright argues that the exhibit and the testimony elicited pursuant to the notation on the exhibit was inadmissible because its "probative value [was] substantially outweighed by the danger of unfair prejudice." FED.R.EVID. 403. The only probative value the notation had, Wright argues, was its capacity to impeach Dr. Russell as a prior inconsistent statement. But, Wright continues, the notation does not serve this purpose because Dr. Russell's statement that he "could not testify regarding [the] PTSD defense" was not inconsistent with the fact that he testified in court because Dr. Russell did not testify that Wright was legally insane. Further, Wright argues that the existence of the notation, combined with the fact that Dr. Russell was testifying, suggests that Wright's attorney unfairly coerced Dr. Russell to change his opinion.

█ Wright's theory of unfair prejudice is self-defeating. Any unfair prejudice which the notation may have had was nullified when it was clarified that Dr. Russell's testimony was confined to an opinion that Wright suffered from PTSD. In addition, as discussed above, the exhibit was valuable for purposes other than impeachment. Accordingly, we find no error with the trial court's admission of the exhibit over a relevancy objection. *See Nicholson v. Layton,* 747 F.2d 1225, 1227 (8th Cir.1984) ("substantial discretion" vested in the trial court under FED.R.EVID. 403).

Having rejected Wright's arguments, we affirm his conviction.