**Lana Ray HOOVER, as the Administratrix of the Estate of David A. Hoover, Deceased, Appellant,**

v.

**Harry THOMPSON and Ryder Truck Lines, Inc., Appellee.**

No. 85–2055.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 3, 1986.

Decided April 2, 1986.

Bill R. Holloway, Lake Village, Ark., for appellant.

R.T. Beard, III, Pine Bluff, Ark., for appellee.

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Lana Ray Hoover, as Administratrix of the estate of David A. Hoover, appeals from a jury verdict denying recovery for damages arising out of the death of her husband in an automobile accident. She contends that the district court[1] erred when it admitted the results of a blood alcohol test. We affirm.

David Hoover was killed when his car collided with a tractor trailer truck on the Mississippi River bridge between Lake Village, Arkansas, and Greenville, Mississippi. Appellant filed this diversity action against Thompson, the driver of the truck, and his employer, Ryder Truck Lines, Inc., on behalf of herself and her two small children, asking for pecuniary damages in the amount of $750,000, and punitive damages in the amount of $1 million. Appellant alleged in her complaint that the truck was speeding and that Thompson lost control of his vehicle and crossed the center line immediately prior to impact.

In accordance with routine procedures, a sample of David Hoover's blood was subjected to a blood alcohol test, which showed a blood alcohol level of .11 percent.[2] The blood sample was sealed by the hospital lab technician who had drawn the sample. The container in which the blood was placed, however, apparently arrived at the Department of Health without the seal that the lab technician had placed on it, for the Department of Health's records did not indicate the presence of a seal when the sample reached the state lab. The technician who received Hoover's sample had no specific recollection regarding the presence or absence of the seal on the sample. The usual Department practice is to preserve and record any seals found on a sample. None was preserved or recorded in this case.

Other testimony relating to the preservation of the sample shows that the likelihood of tampering was minimal. After receiving the sample from the lab technician, a police officer placed it in a refrigerator at the local county jail. The following day another officer mailed the sample to the Department of Health in a package the Department had provided. The only question with respect to the chain of custody was the lack of reference to a seal in the Department's records.

The district court denied plaintiff's in-limine motion to exclude the test results because it concluded that the possible break in the chain of custody went to the credibility rather than to the admissibility of the test results.

A trial court's ruling concerning the admissibility of evidence can be reversed only upon showing that a clear abuse of discretion has occurred. *United States v. Jones*, 687 F.2d 1265, 1267 (8th Cir.1982); *United States v. Malone*, 558 F.2d 435, 438 (8th Cir.1977) (per curiam). In chain-of-custody cases, the trial court is to consider " 'the nature of the article, the

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

2. It is illegal to operate a motor vehicle in Arkansas if there is .10% or more alcohol in the operator's blood. Ark.Stat.Ann. § 75–2503(b) (Supp.1985).

circumstances surrounding its preservation and custody, and the likelihood of others tampering with it.'" *Malone*, 558 F.2d at 438 (quoting *United States v. Brown*, 482 F.2d 1226, 1228 (8th Cir.1973)). The trial court need only be satisfied that "'in reasonable probability the article has not been changed in any important respect.'" *Id.*

■ As the trial judge observed, admissibility of the test results was a close question. The trial court's ruling was one requiring the exercise of discretion. On the record before us, we cannot say that the trial court abused its discretion in admitting the test results.

The judgment of the district court is affirmed.